COMMONWEALTH *vs.* JULIAN T. STONE. October 5, 1981. A single justice of this court allowed the defendant to appeal the correctness of the order of a Superior Court judge denying the defendant's motion for a new trial. G. L. c. 278, § 33E.[1] In his motion the defendant challenged the trial judge's instructions to the jury, claiming that the use of the word "presumption" in the malice instructions automatically required reversal of his conviction. See *Sandstrom* v. *Montana*, 442 U.S. 510 (1979); *Commonwealth* v. *Callahan*, 380 Mass. 821 (1980). Since no objection to the charge was lodged at trial the sole issue is whether the instructions read as a whole created a substantial likelihood of a miscarriage of justice. See *Commonwealth* v. *Richards*, *ante* 396, 399-400 (1981); see also *id.* at 407 (Nolan, J., dissenting).

Stone's case was tried and argued by the parties on the theory that a murder had been committed. (The victim was found with four bullet wounds in the back of his head and his hands were handcuffed behind his back.) The issue contested by the defendant was whether he was a participant in the murder. The record reveals "no issue of justification, mitigation, or lack of intent on the part of the perpetrator." *Commonwealth* v.

---

[1] See *Commonwealth* v. *Stone*, 366 Mass. 506 (1974) (judgment reversed as to death penalty); *Commonwealth* v. *Stone*, 369 Mass. 957 (1975).

*Lee,* 383 Mass. 507, 513 (1981). Thus, the use of the word "presumption" in the malice instructions had no bearing on Stone's guilt, nor was malice a pivotal element of the jury's deliberations. Cf. *Sandstrom* v. *Montana,* 442 U.S. 510, 521 (1979) (intent was "the lone element of the offense at issue in Sandstrom's trial"). We conclude that the defendant has failed to show that the instructions created a danger of grave prejudice or a substantial likelihood of a miscarriage of justice, and his claim, therefore, must fail.

On appeal, Stone also claims error in that the instructions to the jury on reasonable doubt impermissibly shifted the burden of proof. Additionally, he claims error because the judge instructed the jury that the Commonwealth, unlike the defendant, had no right to appeal the jury's decision. These matters were not raised below, and were not part of the order issued by the single justice allowing the appeal. Stone "may not argue these issues on appeal unless he can point to a determination by a single justice that these issues present 'new and substantial question[s] which ought to be determined by the full court.' G. L. c. 278, § 33E." See *Commonwealth* v. *Pisa, ante* 362, 364-366 (1981). We add that our reading of the charge as a whole convinces us that the instructions were fair and well balanced and did not impermissibly place the burden of proof on the defendant.[2] We conclude that the judge's charge was well within the constitutional limits, and that the motion for a new trial was correctly denied.

*Judgment affirmed.*

*John Cavicchi* for the defendant.
*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.

---

[2] On at least six occasions the judge specifically told the jury that the burden of proving the defendant's guilt beyond a reasonable doubt was on the Commonwealth.