COMMONWEALTH vs. MARTIN E. PALMER.

Suffolk. January 7, 1982. — April 29, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Homicide. Malice. Practice, Criminal,* Instructions to jury, Presump-
tions and burden of proof, Capital case. *Error,* Harmless.

In the circumstances, there was a reversible error at a murder trial in
the judge's instructions to the jury that a presumption of malice arises
from the intentional use of a deadly weapon and that a person must be
presumed to intend all the natural and probable consequences of his
own act. [37-38]
Having exercised its power under G. L. c. 278, § 33E, to reverse a con-
viction on a murder indictment because the judge's charge to the jury
improperly shifted the burden of proof on the issue of malice, this
court also reversed the conviction on an indictment charging assault
with intent to murder which arose out of the same incident and was
tried with the murder indictment, even though at trial no objection
had been made to the charge. [38]

INDICTMENTS found and returned in the Superior Court
on December 15, 1976.

The cases were tried before *Tamburello,* J.

*Willie J. Davis* for the defendant.

*Michael J. Traft,* Assistant District Attorney (*Robin
Pearl,* Legal Assistant to the District Attorney, with him)
for the Commonwealth.

WILKINS, J. The judge's charge in this case, in which the
jury found the defendant guilty of murder in the first degree
and of assault with intent to murder while armed, con-
tained substantially the same errors as those which required
the reversal of the defendant's conviction in *Common-
wealth* v. *Callahan,* 380 Mass. 821 (1980). In each case, the
judge charged the jury that a presumption of malice arises
from the intentional use of a deadly weapon and that a

person must be presumed to intend all the natural and probable consequences of his own act.[1] Such jury instructions unconstitutionally shift the burden of proof on the question of malice. See *Commonwealth* v. *Repoza*, 382 Mass. 119, 132-133 (1980); *Commonwealth* v. *Callahan, supra* at 823-826; *Sandstrom* v. *Montana*, 442 U.S. 510 (1979). See also *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (1976); *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). This April, 1977, trial, like that in the *Callahan* case, was held well after the decisions in *Mullaney* v. *Wilbur*, and *Commonwealth* v. *Rodriguez*, and the standards applied in the *Callahan* case are appropriate here.

In the *Callahan* case, acting pursuant to our duty under G. L. c. 278, § 33E, we took note of the constitutional defects in the charge, even though the defendant neither objected to the charge at trial nor argued the points on appeal. *Commonwealth* v. *Callahan, supra* at 823. Here appellate counsel, who was not trial counsel, argues the issue of the defects in the charge, although no objection was made to the charge at trial. Pursuant to our duty under G.L.

---

[1] For the judge's charge in the *Callahan* case, see 380 Mass. at 822 n.1.

The relevant portion of the judge's charge in this case reads as follows:

"Our Supreme Court has said, 'When the killing is caused by the intentional use of a deadly weapon, there arises the presumption of malice aforethought, as that term has been used and understood in this Commonwealth. The implication of malice arises in every case of intentional homicide. Where the fact of killing is proved by satisfactory evidence and there are no circumstances disclosed tending to show justification or excuse, there is nothing to rebut the natural presumption of malice.

"The rule is founded on the plain and obvious principle that a person must be presumed to intend to do that which he voluntarily and willfully does in fact do, and that he must intend all the natural, probable, and usual consequences of his own act.

"Therefore, when one person assails another person violently with a dangerous weapon likely to kill, and which does in fact destroy the life of the party assailed, the natural presumption is that he intended death or great bodily harm. If there can be no presumption of any motive or legal excuse for such a cruel act, the consequences follow that in the absence of all proof to the contrary there is nothing to rebut the presumption of malice.'"

c. 278, § 33E, to review the record independently, we consider the constitutional errors in the charge.

The Commonwealth does not argue that the challenged portions of the charge comported with constitutional mandates. Instead, it contends that the defects in the charge concerning malice were not material to the jury's guilty findings. In other cases in which the malice charge was or may have been constitutionally defective, but in which malice was not a contested issue at trial, we have ruled that the charge did not create a substantial likelihood of a miscarriage of justice. See *Commonwealth* v. *Pisa*, 384 Mass. 362, 363-364 (1981) (identification the only contested issue); *Commonwealth* v. *Lee*, 383 Mass. 507, 511-512 (1981) (same). In the case before us, however, there was considerable evidence that the defendant was at the scene of the crime and shot the victims, and the issues whether the defendant acted in self-defense or recklessly were before the jury. The judge charged the jury on self-defense and recklessness and gave them the option of returning a manslaughter verdict. The victims were strangers to the defendant and were shot in a confrontation that commenced after the victims, in one motor vehicle, followed the defendant and others who were in another vehicle. There was evidence that, after an argument with the defendant in which the defendant showed a gun, one of the victims returned to his car and reached under the front seat. The defendant then ran over to the victims' car and fired the shots that struck the victims. This evidence was sufficient to raise the question whether the defendant acted in self-defense or recklessly. In such a situation, we cannot fairly conclude that the errors in the charge were harmless beyond a reasonable doubt. See *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 254 (1980); *Commonwealth* v. *Garcia*, 379 Mass. 422, 441-442 (1980); *Chapman* v. *California*, 386 U.S. 18, 24 (1967).

Nor can we fairly conclude that the errors in the charge were corrected by other language in the charge. In *Commonwealth* v. *Repoza*, 382 Mass. 119, 132-135 (1980), the charge that a presumption of malice arises from the inten-

tional use of a deadly weapon was cured by other instructions. Such is not the case here. After the erroneous instruction, quoted in n.1 above, and toward the end of his charge, the judge stated that "[i]f there were circumstances proven to show justification or excuse, the jury may find this overcomes the presumption of malice." To be sure, the judge charged repeatedly on the Commonwealth's burden of proving the crimes charged beyond a reasonable doubt and mentioned the presumption of innocence three times. However, the jury could easily have interpreted the instructions to mean that the defendant bore the burden of disproving malice.

Our consideration of the charge pursuant to G. L. c. 278, § 33E, involves only the murder conviction. However, the crime of assault with intent to murder was closely tied with the murder, because the victims were shot within seconds of each other in the front seat of the same car. Moreover, malice aforethought is also an element of the crime of assault with intent to murder. *Commonwealth* v. *Demboski*, 283 Mass. 315, 322 (1933). The Commonwealth does not argue that the conviction of assault with intent to murder should be upheld, even if the murder conviction is not. We conclude that the errors in the judge's charge relate to both crimes and that there must be a new trial as to each.[2]

*Judgments reversed.*

*Verdicts set aside.*

---

[2] The defendant disappeared in the midst of the trial and the trial proceeded without him. The defendant was sentenced after he turned himself in nine months later. We have no sympathy for a defendant who flees in the course of his trial. The trial judge, who heard a motion for a new trial, quite correctly concluded that the reasons the defendant gave for his departure were incredible. By his departure, the defendant significantly impeded the arguments for self-defense that his trial counsel was expecting to present. Our decision that there must be a new trial is arrived at in spite of, rather than because of, the defendant's flight.