COMMONWEALTH vs. CARMEN SANTINO ZEZIMA.

Suffolk.   October 6, 1982. — December 20, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Appeal, Postconviction relief, Capital case, Instructions to jury, Presumptions and burden of proof. *Due Process of Law,* Presumptions and burden of proof.

A defendant convicted of murder in the second degree need not seek leave from a single justice of this court to appeal the denial of a motion for a new trial, even if he was convicted of a crime committed before July 1, 1979, on an indictment charging murder in the first degree and therefore has received full review under G. L. c. 278, § 33E.  [749]

At a murder trial, the judge's instructions to the jury raised mandatory presumptions of malice and intent which unconstitutionally relieved the Commonwealth of its burden of proving these elements of the crime charged.  [751-755]

If the issue of self-defense is properly before the trier of fact at a murder trial, the instructions should establish that the Commonwealth bears the burden of proving that the defendant did not act in self-defense and that a proper exercise of the privilege of self-defense negates a finding of malice.  [755-756]

The defendant at a murder trial was deprived of due process of law by the judge's failure to instruct the jury that the Commonwealth bore the burden of disproving accident, by his use of "finding" language , and by his failure to establish the link between proof of malice and disproof of accident.  [756-757]

INDICTMENTS found and returned in the Superior Court on March 14, 1973.

The cases were tried before *Connolly,* J., and a motion for a new trial, filed on July 7, 1979, was heard by him.

After a decision by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John P. Osler* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. On June 15, 1973, the defendant, Carmen Santino Zezima, was convicted of murder in the second degree, on an indictment charging him with murder in the first degree, of one Chester Miller, and of assault while armed with intent to murder one Robert Silvia.[1] After review under G. L. c. 278, § 33E, we upheld the convictions. *Commonwealth* v. *Zezima,* 365 Mass. 238 (1974).[2]

In 1979, the defendant moved for a new trial, based on alleged constitutional errors in the jury instructions at his trial. The motion was denied. The Appeals Court dismissed the defendant's appeal because he had not obtained leave to appeal from a single justice of this court. *Commonwealth* v. *Zezima,* 10 Mass. App. Ct. 919, 919-920 (1980). The defendant then sought leave to appeal from a single justice of this court, and filed a petition for further appellate review. The single justice dismissed the application on the grounds that leave was not required to appeal a conviction of murder in the second degree, and that we had already granted the defendant's petition for further appellate review.

We agree that one convicted of murder in the second degree need not seek leave from a single justice to appeal the denial of a motion for a new trial. *Greene* v. *Commonwealth,* 385 Mass. 1008, 1009 (1982). See *Leaster* v. *Commonwealth,* 385 Mass. 547, 549 (1982). This is true even if the defendant was convicted of a crime committed before July 1, 1979, on an indictment charging murder in the first degree, and therefore has received full review under G. L. c. 278, § 33E, as mandated by *Commonwealth* v. *Davis,* 380 Mass. 1, 14-17 (1980). *Greene* v. *Commonwealth, supra.*

---

[1] The defendant was also convicted of unlawful possession of a firearm. That conviction is not at issue in this case.

[2] Before July 1, 1979, G. L. c. 278, § 33E, provided for review under § 33E in cases in which the defendant was indicted for murder in the first degree, and convicted of murder either in the first or second degree.

We conclude that the judge's instructions to the jury unconstitutionally relieved the Commonwealth of its burden of proving malice and intent, and of disproving accident. Consequently, we reverse.

The facts are briefly summarized as follows. The defendant and Miller were acquainted, and spent the evening of the murder socializing together with their wives. Their children remained at Miller's house, with a babysitter. At a bar, they met Silvia and one Victor Russo, and Miller invited everyone to return to his house.

The defendant left the bar with his wife and Mrs. Miller, arriving at Miller's house shortly before Silvia, Russo, and Miller. The defendant admitted that shortly after the three men arrived, he pointed a gun at Silvia and ordered him to remove his coat and lay it on the floor. He claimed he thought that Silvia was armed, and that the men were preparing to take drugs, which he wanted to avoid witnessing, for the sake of himself and his family. Miller stepped between the two men. According to the defendant, as Miller attempted to take the gun from him, it discharged several times, killing Miller and wounding Silvia. There was conflicting testimony as to whether the gun was in the possession of the defendant or some other person prior to the shooting.

1. *Introduction.*

The defendant, on constitutional grounds, attacks the judge's charge in several respects, viz.: that the judge erred in charging the jury on the burden of proof of malice, intent, and self-defense, and in failing to charge the jury on accident. Because the law on which the defendant relies was not developed until after his trial and § 33E review, and has been applied retroactively, his failure to object below does not preclude him from raising his claims here. *Commonwealth* v. *Lee,* 383 Mass. 507, 511 (1981). *DeJoinville* v. *Commonwealth,* 381 Mass. 246, 250-251 (1980). The defendant was tried in 1973, before *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and *Commonwealth* v. *Rodriguez,* 370 Mass. 684 (1976). While we "will bring greater expecta-

tions, and consequently more careful scrutiny" to a judge's charge in a trial which occurs after the date of those decisions, we conclude that the challenged instructions contained serious errors, mandating a new trial. *Commonwealth v. Stokes,* 374 Mass. 583, 591 (1978). See *Commonwealth v. Callahan,* 380 Mass. 821, 825-826 (1980); *Connolly v. Commonwealth,* 377 Mass. 527, 537 (1979).

It is established that jury instructions creating either burden-shifting (mandatory) or conclusive presumptions violate a defendant's right, under the due process clause of the Fourteenth Amendment to the United States Constitution, to have the State prove beyond a reasonable doubt every fact necessary to constitute the crime with which he is charged. *Sandstrom v. Montana,* 442 U.S. 510, 524 (1979). *Mullaney v. Wilbur, supra* 691-704. *In re Winship,* 397 U.S. 358, 364 (1970). "The threshold inquiry . . . is to determine the nature of the presumption [the jury instruction] describes. . . . That . . . depends upon the way in which a reasonable juror could have interpreted the instruction." *Sandstrom v. Montana, supra* at 514. See *Commonwealth v. Moreira,* 385 Mass. 792, 794 (1982). In applying this test, we consider the impact of the charge as a whole. *Commonwealth v. Chasson,* 383 Mass. 183, 190 (1981). *Reddick v. Commonwealth,* 381 Mass. 398, 404 (1980). *Commonwealth v. Sellon,* 380 Mass. 220, 231-232 (1980). *Commonwealth v. Stokes, supra* at 590-591.

2. *Instructions on Malice.*

The judge repeatedly instructed the jury that "when [a] killing is caused by the intentional use of a deadly weapon, such as a gun, there arises a presumption that the killing was with malice aforethought."[3] In *Commonwealth v. Callahan, supra* at 822-825, we held that such a charge raises an impermissible mandatory presumption, unless the

---

[3] In one instance the charge was: "When a deadly weapon, such as a gun, *is used* against another, there arises a presumption of malice aforethought" (emphasis supplied).

rest of the charge makes clear to the jury that they are permitted, not obliged, to infer malice from the intentional use of a deadly weapon. See *Commonwealth* v. *Palmer,* 386 Mass. 35, 35-36 (1982).

Here, the presumption instruction was delivered twice during the regular charge to the jury, and repeated twice in supplemental instructions, given after the jury requested clarification of the law regarding murder in the second degree, involuntary manslaughter, and malice aforethought. In each instance, the context made likely that the presumption instruction had a significant impact on the jury. It followed instructions on malice, and was clearly offered as a presumption which would suffice as proof of malice. The word "inference" was never used. Moreover, in the regular charge, the instruction was coupled with the equally objectionable instruction that a person is presumed to intend the natural consequences of his acts. See *Commonwealth* v. *Callahan, supra* at 823-825.

The instant charge was not, therefore, like those charges in which the judge used the words "presumption" and "inference" interchangeably, or referred incidentally to a presumption of malice in a charge otherwise clear as to the Commonwealth's burden of proof, so that the jury would have understood that they were allowed, but not required, to infer malice from the intentional use of a deadly weapon. See, e.g., *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 845-846 (1980) (one charge on presumption of malice from intentional use of a deadly weapon, and interchangeable use of words "presumption" and "permissible inference"); *Commonwealth* v. *Hughes,* 380 Mass. 596, 602-603 (1980) (judge used words "presumption" and "inference" interchangeably); *Commonwealth* v. *Medina,* 380 Mass. 565, 577-578 (1980) (one reference to presumption of malice, and repeated instructions on Commonwealth's burden of proof); *Gibson* v. *Commonwealth,* 377 Mass. 539, 542 (1979) (interchangeable use of "presumption" and "inference); *Commonwealth* v. *McInerney,* 373 Mass. 136, 149-150

(1977) (use of "presumption" and "inference" as if synonymous, and repeated, clear, accurate instructions on the Commonwealth's burden of proof). Nor was the charge saved by comprehensive instructions on the Commonwealth's burden of proof. The judge instructed the jury only briefly and generally, at the beginning of the charge, on the presumption of innocence, the Commonwealth's burden of proof, and the defendant's right to the benefit of any reasonable doubt.[4] Immediately thereafter, discussing the indictment for unlawfully carrying a firearm, he stated: "While in most instances the burden of proving every essential fact is upon the Commonwealth [here] the defendant has the burden of proving he had a permit." There was no further mention of the burden of proof in either the first or second set of instructions. "To the extent that the judge told the jurors that the Commonwealth had the burden of proof . . . in one part of the instructions, and in another part of the instructions implied that malice had to be disproved or rebutted, the instructions do not clearly place on the Commonwealth the duty to prove the presence of malice beyond a reasonable doubt." *Commonwealth* v. *Richards,* 384 Mass. 396, 403 (1981). Accord *Commonwealth* v. *Moreira,* 385 Mass. 792, 796 (1982). Cf. *Commonwealth* v. *Repoza,* 382 Mass. 119, 134 (1980) (repeated, careful instructions that Commonwealth has burden of proving each essential element of crime charged beyond a reasonable doubt prevented error); *Commonwealth* v. *Medina, supra. Gagne* v. *Commonwealth,* 375 Mass. 417, 421 (1978) (same). *Commonwealth* v. *McInerney, supra.*

---

[4] The judge's entire charge on the burden of proof was that the defendant is to be found guilty "only when the Commonwealth has convinced you beyond a reasonable doubt of the defendant's guilt" and that "[t]he burden of proof is on the prosecution. And all presumptions of law, independent of evidence, are in favor of innocence. Every person is presumed to be innocent until he is proved guilty. And if upon such proof there is reasonable doubt remaining, the accused is entitled to the benefit of it, and acquittal."

The defendant also challenges several instructions that a person is "deemed" and "presumed" to intend the natural consequences of his use of a deadly weapon, of firing a gun, and of his acts.[5] In one instance the judge did tell the jury that "[t]his presumption may be rebutted." However, he went on to state that if the jury found beyond a reasonable doubt that the defendant pointed a gun at Silvia and then shot Silvia, "then [it would] have made a finding that the defendant assaulted [Silvia] . . . with intent to murder him." The jury could reasonably have concluded that proof that the defendant fired the gun was sufficient proof alone of the intent necessary to establish murder in the second degree (and assault with intent to murder), unless the defendant introduced some evidence to rebut the presumption. Such a mandatory presumption of intent is unconstitutional. *Sandstrom* v. *Montana*, 442 U.S. 510, 512-514 (1979). *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 247, 252-254 (1980). *Commonwealth* v. *Callahan*, 380 Mass. 821, 825 (1980).

The defendant admitted he shot the victims; the presence of malice was thus the pivotal issue. Cf. *Commonwealth* v. *Stone*, 384 Mass. 801 (1981) (sole issue was identification of defendant); *Commonwealth* v. *Lee*, 383 Mass. 507, 512 (1981) (same issue). Nevertheless, the Commonwealth urges that any errors in the charge were harmless, because the jury would have had to reject the defendant's position and to have found that the shooting was intentional before the challenged presumptions could come into play.

---

[5] The judge instructed the jury that "[the defendant] is deemed to have intended the natural consequences of his use of the weapon, even though he did not intend to kill the person involved. . . . By firing the gun at the person, the gun being a deadly weapon, he is presumed in the law to have intended the natural consequences of his act, the death of the person. . . . [I]t's presumed that a person intends the natural and probable consequences of his acts. This presumption may be rebutted. . . . If you find . . . beyond a reasonable doubt that the defendant pointed a gun at [Silvia] and then shot [Silvia] . . . then you have made a finding that the defendant assaulted [Silvia] while armed, with intent to murder him."

This argument ignores the defendant's objection to the "presumed intent" instructions. These instructions allowed the jury to presume intent, and hence to convict the defendant of murder, solely from the act of firing the gun, despite the fact that the firing, taken alone, was not inconsistent with the defendant's legal position, and a verdict of involuntary manslaughter. In addition, the presumption of malice was said to arise from the intentional *use* of a deadly weapon. The word "use" is ambiguous, and could have been construed to include intentionally pointing the gun at Silvia, rather than intentionally discharging it.

We conclude that the challenged instructions raised mandatory presumptions of malice and intent, which unconstitutionally relieved the Commonwealth of its burden of proving these elements of the crimes charged. *DeJoinville* v. *Commonwealth, supra. Commonwealth* v. *Callahan, supra* at 824-825. *Sandstrom* v. *Montana, supra.*

3. *Self-defense.*

"[W]hen the issue of self-defense is properly before the trier of fact, the Commonwealth must, as a matter of due process, prove beyond a reasonable doubt that the defendant did not act in self-defense." *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 687-688 (1976). See *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975). The defendant contends that the jury instructions at his trial failed to place this burden of proof on the Commonwealth.

A strong argument can be made that the evidence in this case was not sufficient to raise the issue of self-defense. *Commonwealth* v. *Harrington,* 379 Mass. 446, 450 (1980). There is no testimony, even by the defendant, to indicate that the defendant feared any aggression against either himself or his family. The defendant testified only that he saw Silvia's hands in Silvia's coat pockets, into one of which he had previously seen Silvia place a gun.

However, since the evidence at a new trial may be different, we express no opinion as to the merits of the defendant's claim here. We note that instructions on self-defense should establish that the Commonwealth bears the burden

of proving that the defendant did not act in self-defense, and that a proper exercise of the privilege of self-defense negates a finding of malice. *Commonwealth* v. *Harrington, supra* at 453-454; *Commonwealth* v. *Rodriguez, supra* at 689-691.

4. *Accident.*

A defendant is also entitled, as a matter of due process, to have the judge instruct the jury that the Commonwealth has the burden of proving that a shooting was not accidental, when that issue is fairly raised. *Commonwealth* v. *Zaccagnini,* 383 Mass. 615, 616 (1981). *Commonwealth* v. *Robinson,* 382 Mass. 189, 203 (1981). *Lannon* v. *Commonwealth,* 379 Mass. 786, 790 (1980). Here, the defendant's primary defense was that the shooting was an accident, and he testified to that effect. The judge referred to accidental firing in his instructions on involuntary manslaughter, but he never informed the jury that the Commonwealth bore the burden of disproving accident. Cf. *Commonwealth* v. *Sellon,* 380 Mass. 220, 233 (1980) (no error where the judge instructed jury that Commonwealth must show that acid spill was not accident). He also indicated several times that the jury had to find that the defendant's conduct was unintentional.[6] Such "finding" language has been criticized as improperly suggesting to the jury that the defendant has the burden of proof of a defense negating malice. *Connolly* v. *Commonwealth,* 377 Mass. 527, 532-534 (1979). The judge also failed to make the crucial point that proof of malice depended on proof of the absence of accident. See *Commonwealth* v. *Robinson, supra* at 207; *Connolly* v. *Commonwealth, supra* at 531 (self-defense); *Commonwealth* v. *Rodriguez, supra* at 691 (self-defense). Cf. *Reddick* v. *Commonwealth,* 381 Mass. 398, 405 (1980)

---

[6] "If you find wanton or reckless conduct . . . resulted in the unintentional homicide . . ."; "If you find . . . that the defendant did not intend to shoot Miller, but in the scuffle did . . . it would sustain a finding of involuntary manslaughter"; "[E]ven though you find that it [the shooting] was unintentional on the part of the defendant, you may find involuntary manslaughter."

(no error where judge was careful to explain that malice was exclusive of any legal justification, mitigation, or excuse); *Commonwealth* v. *Fitzgerald,* 380 Mass. 840, 846 (1980) (no error where judge emphasized that provocation and malice were mutually exclusive). Since instruction on the Commonwealth's general burden of proof was limited to one brief portion of the charge, the judge's failure to inform the jury that the Commonwealth bore the burden of disproving accident, his use of "finding" language, and most significantly, his failure to establish the "nexus" between proof of malice and disproof of accident, deprived the defendant of due process.

The errors in the instructions on malice and the failure to instruct on accident could have led the jury to shift the burden of proof from the Commonwealth to the defendant. Accordingly, the judgments are reversed on the indictments charging the defendant with murder in the second degree, and assault with intent to murder, the verdicts are set aside, and the case is remanded to the Superior Court for a new trial.

*So ordered.*