COMMONWEALTH *vs*. E. HANNIBAL GORE.  July 22, 1985.  *Evidence,* Admissions and confessions, Prior inconsistent statement, Prior conviction. *Constitutional Law,* Admissions and confessions. *Practice, Criminal,* Instructions to jury.

At approximately midnight on April 13, 1981, the defendant was in a female friend's kitchen. The victim arrived, flung his coat at the woman, pushed or hit her, and verbally abused her. Noting Gore's presence, the victim addressed him with vociferous threats and kicks aimed from the top of a flight of stairs. An altercation ensued, in the course of which the victim was stabbed in the chest. The victim and some of the woman's children testified that they saw Gore stab the victim with a knife.

The defendant was tried by a jury upon indictments charging him with assault and battery by means of a dangerous weapon and armed assault with intent to murder. The jury returned a guilty verdict on the assault and battery charge and acquitted the defendant of the other. From this conviction, and from the denial of a pretrial motion to suppress evidence, Gore appeals on four grounds.

1. *Motion to Suppress.*

The defendant contends that in the course of a custodial interrogation at the police station he asserted his Fifth Amendment right to cut off questioning and that his right was not "scrupulously honored" by the police. See *Michigan* v. *Mosley,* 423 U.S. 96, 104 (1975). Therefore, he argues, it was error for the judge to deny his motion to suppress certain statements he made after the police had violated that right. Following oral argument we remanded this case to the judge who presided at the hearing on the motion and requested additional findings. From these supplemental findings, and the judge's original findings, it appears that during interrogation a detective asked the defendant whether a knife found in the woman's apartment belonged to him.[1] The defendant said he did not wish to answer that question because it violated his Fifth Amendment rights. The detective then repeated Miranda warnings to the defendant and truthfully informed him that the police had spoken to other witnesses who had seen the knife in his hand. The detective "further told Gore that this was his opportunity if he wished to avail himself of it to explain to the officers what had occurred." Gore then indicated that he wished to continue answering questions. The

---

[1] Up to that point, the defendant's story had been that the victim came at him with a razor and was accidentally wounded when the defendant pushed the blade away from himself.

defendant then admitted to owning the knife. He asserted that he had pulled it in self-defense and that he had stabbed the victim accidentally when the victim lunged at him. He admitted to wiping the blade clean and to discarding the weapon in a shopping bag on the first floor of the house.

On the basis of those facts the judge ruled that the police scrupulously honored the defendant's right to cut off questioning and denied his motion to suppress. As a matter of law, however, the facts found by the judge compel a ruling that the police violated the defendant's right to cut off questioning because, without pause, they continued to question the defendant about a subject he had refused to discuss on Fifth Amendment grounds. See *Commonwealth* v. *Gallant,* 381 Mass. 465, 466-468 (1980); Smith, Criminal Practice and Procedure § 360 (2d ed. 1983), and cases cited. Accordingly, because we cannot say that the admission at trial of illegally obtained statements was an error harmless beyond a reasonable doubt, we are obliged to reverse the conviction.

2. *Issues Likely to Arise on Retrial.*

(a) The judge's charge to the jury included an instruction that the jury might consider prior inconsistent statements from Gore's probable cause hearing for impeachment purposes only, and not for the truth of the matter asserted. At the probable cause hearing, the victim had testified that he had never studied karate but that during the scuffle he might have positioned his hands in such a way as to suggest to the defendant that he knew martial arts. The victim also said that he had not seen a knife in Gore's hand but felt only a "pushing" in his chest. At the trial the victim recalled raising his arms only to defend himself against Gore's knife. He remembered seeing the knife.

The defendant argues that it was error for the judge to give this limiting instruction because, if the jury believed that the victim threatened Gore with karate positions and only felt a pushing in his chest, those facts supported Gore's self-defense and accident theories of the events. The instruction, however, conformed to Massachusetts evidentiary practice. There was no error. See Liacos, Massachusetts Evidence 141-142 (5th ed. 1981 and 1985 Supp.). *Commonwealth* v. *Daye,* 393 Mass. 55, 56 (1984), in which the Supreme Judicial Court held that prior inconsistent grand jury testimony is admissible in evidence for all purposes, expressly stated that the court did "not reach the probative use of prior inconsistent statements from probable cause hearings . . . ." *Id.* at 57 n.2. We decline to enlarge the *Daye* exception to include probable cause hearing testimony. See *Commonwealth* v. *Weaver,* 395 Mass. 307, 311 (1985).

(b) The defendant claims error in the judge's refusal to permit him to impeach the testimony of the victim and the female friend by introducing their 1980 misdemeanor convictions for, respectively, disturbing the peace and disorderly conduct. A fine of $25 was noted for each offense. General Laws c. 233, § 21, authorizes the admission of evidence of a prior conviction "subject to the exercise of reviewable discretion by the trial judge." *Common-*

*wealth* v. *Maguire,* 392 Mass. 466, 470 (1984). See also *Commonwealth* v. *Bucknam, ante* 121, 123-124 (1985). The judge could properly have concluded that the relevance of both offenses to the witnesses' credibility was nil or nearly so. There was no abuse of discretion in excluding them.

(c) The defendant argues that the judge's instruction on accident impermissibly shifted to him the burden of disproving accident beyond a reasonable doubt. *Lannon* v. *Commonwealth,* 379 Mass. 786, 790 (1980). The judge advised the jury that, if they found accident, they must find the defendant not guilty. The judge continued, "It is the Commonwealth's burden to prove that it was not an accident, beyond a reasonable doubt." Although this instruction did not have the effect of shifting the burden of proof to the defendant, see *Commonwealth* v. *Lowe,* 391 Mass. 97, 110-112, cert. denied, 469 U.S. 840 (1984); compare *Commonwealth* v. *Zezima,* 387 Mass. 748, 756-757 (1982), on retrial the judge should avoid giving an instruction that suggests in any way that the jury may pass upon the question of accident without regard to the Commonwealth's burden of disproving accident beyond a reasonable doubt. The phrase "if you find" has often been criticized as tending to dilute the Commonwealth's burden. See *Connolly* v. *Commonwealth,* 377 Mass. 527, 532-536 (1979).

*Judgment reversed.*

*Verdict set aside.*

*Robert L. Sheketoff* for the defendant.
*Karen J. Kepler,* Assistant District Attorney, for the Commonwealth.

