COMMONWEALTH *vs.* JOSEPH L. HARBEY.

Hampden.  March 13, 1987. — June 12, 1987.

Present: BROWN, QUIRICO, & KASS, JJ.

*Practice, Criminal,* Motion to suppress.

A criminal defendant's motion to suppress as evidence his statement to police, given after he had received Miranda warnings, was properly allowed on the basis of the judge's warranted finding that the defendant's asserted right to remain silent was not scrupulously honored. [327]

COMPLAINT received and sworn to in the Springfield Division of the .District Court Department on October 15, 1985.

A pretrial motion to suppress evidence was heard by *George Bregianes,* J.

*Henry Downey,* Assistant District Attorney, for the Commonwealth.

*Anne Rideout* for the defendant.

BROWN, J.   The Commonwealth appeals from an order allowing the defendant's motion to suppress a statement he made to the police. The motion judge made extensive and detailed findings which we must accept absent clear error. See *Commonwealth* v. *Gil,* 393 Mass. 204, 211-212 (1984). Our appellate function, however, requires us to "make our own independent determination on the correctness of the judge's 'application of constitutional principles to the [subsidiary] facts as found.'"· *Commonwealth* v. *Haas,* 373˙Mass. 545, 550 (1977). We find no fault in the reasoning employed or the result reached by the motion judge.

The defendant appeared at the police station with his attorney. After a few perfunctory questions, the defendant was advised of his Miranda rights. At that point, the defendant's attorney informed the police, as he had done earlier, that, although his client would answer any questions pertaining to

booking, his client did not wish to make any statement concerning the incident under investigation.

The defendant claims that a statement was obtained later from him by the police in a manner contrary to the requirements of *Miranda* v. *Arizona*, 384 U.S. 436 (1966). The principal allegation is that his right to silence was not scrupulously honored by the police. The United States Supreme Court, as well as the Supreme Judicial Court, has held that statements obtained after a person in custody has decided to remain silent are inadmissible if the police have not "scrupulously honored" an accused's "right to cut off questioning." *Michigan* v. *Mosley*, 423 U.S. 96, 104 (1975). See *Commonwealth* v. *Brant*, 380 Mass. 876, 882, cert. denied, 449 U.S. 1004 (1980); *Commonwealth* v. *Mandeville*, 386 Mass. 393, 402-404 (1982). See generally Smith, Criminal Practice and Procedure § 360 (2d ed. 1983).

The motion judge's findings, for which there is ample basis in the record, are sufficient to sustain his determination,[1] which in our view is correct. We need only cite one such finding in order to dispose of the Commonwealth's argument on appeal: "The [challenged] question . . . was asked shortly after the defendant had invoked his right to remain silent, without any significant pause after the defendant had asserted his right." See *Commonwealth* v. *Gore*, 20 Mass. App. Ct. 960 (1985). Compare *Michigan* v. *Mosley*, 423 U.S. at 106. Contrast *Commonwealth* v. *Tatro*, 4 Mass. App. Ct. 295, 302-304 (1976); *Commonwealth* v. *Andujar*, 7 Mass. App. Ct. 777, 783-785 & n.7 (1979).

Deciding as we do, we do not think it necessary to respond at length to the defendant's additional argument that the right to counsel aspect of *Miranda* also was violated. See and compare *Commonwealth* v. *Taylor*, 374 Mass. 426, 435-436 (1978). This issue is adequately disposed of by the judge's finding that "[t]he officers questioning [the defendant] were

---

[1] The judge concluded that "[t]he defendant at no time intended to waive his right to remain silent nor did he knowingly and intelligently waive his rights under the 'Miranda Decision.'" See *Miranda* v. *Arizona*, 384 U.S. at 473-475.

aware that [his attorney] was not within hearing distance of the area [where] the questioning was taking place." See in this regard *Commonwealth* v. *Brant*, 8 Mass. App. Ct. 558, 567-568 & n.3, 571-573 & n.8 (1979) (Brown, J., dissenting), *S.C.*, 380 Mass. 876 (1980). See also Smith, Criminal Practice and Procedure § 360, at 258 (2d ed. 1983).

> *Order allowing motion*
> *to suppress affirmed.*