COMMONWEALTH *vs.* LUIS GERMAN ALICEA. No. 88-P-1088. May 25, 1989. *Homicide. Malice. Practice, Criminal*, Instructions to jury. *Error*, Harmless.

Luis German Alicea was convicted in 1976 of second degree murder and two related offenses as a result of a shooting incident which occurred in

the early morning hours of May 11, 1975. The incident, in which a young woman was killed, was one of several confrontations at a housing project in Lowell between Puerto Ricans and non-Puerto Ricans over the course of several hours. The conviction was affirmed on appeal, the court having found no reversible error and no basis for acting under G. L. c. 278, § 33E. *Commonwealth* v. *Alicea*, 376 Mass. 506, 524 (1978). Alicea filed a motion for new trial in 1980 in which he claimed, among other things, that the jury instructions on malice, although proper at the time of the trial, had the effect of shifting to him the burden of proof on that issue and, according to *Sandstrom* v. *Montana*, 442 U.S. 510 (1979), violated his constitutional right to a fair trial. See also *Francis* v. *Franklin*, 471 U.S. 307, 309 (1985); *Commonwealth* v. *Repoza*, 400 Mass. 516, 520 (1987), and cases cited. A Superior Court judge denied the motion. A notice of appeal from that denial was timely filed, but the appeal was not perfected. Alicea filed a second motion for new trial in 1988 also raising, among other things, the issue of the validity of the instructions on malice. Another Superior Court judge, although he concluded that the malice instructions were improper under *Sandstrom*, took no action on the second motion for a new trial. Instead, he treated the motion as one under Mass.R.App.P. 10 (a)(3), as amended, 378 Mass. 937 (1979), to docket late the appeal from the denial of the first new trial motion. The judge, concluding that the delay in perfecting the appeal resulted from a lack of diligence on the part of the defendant's appointed counsel, allowed the appeal to be docketed late. The Commonwealth does not raise the issue that the docketing of the appeal is untimely.

We have the record of the trial, including the judge's instructions, before us. Alicea's failure to object to the instructions on malice at trial does not foreclose the present review. See *Commonwealth* v. *White*, 392 Mass. 282, 286 (1984), and cases cited. The question before us is whether the concededly erroneous instructions on malice were harmless beyond a reasonable doubt. See *Rose* v. *Clark*, 478 U.S. 570, 582 (1986); *Commonwealth* v. *Anderson*, 404 Mass. 767, 771-772 (1989); *Commonwealth* v. *Dunker*, 23 Mass. App. Ct. 64, 74-75 (1986). Because, in our view of the record as a whole, malice was not in issue at trial, we conclude that the error in the instructions was harmless beyond a reasonable doubt, and we therefore affirm the denial of the motion for new trial. See *Commonwealth* v. *Lee*, 383 Mass. 507, 512-513 (1981); *Commonwealth* v. *Pisa*, 384 Mass. 362, 363-364 (1981); *Commonwealth* v. *Stone*, 384 Mass. 801, 801-802 (1981).

We need not restate all the facts surrounding the shooting which are described in detail in *Commonwealth* v. *Alicea*, 376 Mass. at 507-512. In brief, the Commonwealth's case consisted, in part, of the testimony of witnesses, the cumulative effect of which was to place Alicea with a gun at the scene of the shooting. There was also evidence that immediately after the shooting the gunman approached the body of the victim, told bystanders that he shot the wrong person, and threatened to kill another bystander. There was evidence, further, that Alicea fled the scene in a car and that,

within hours of the shooting, he made incriminating statements to the police and led them to the place where the gun used in the shooting was hidden.

In his defense, Alicea presented five witnesses who placed him in their presence inside a house nearby the scene at the time of the shooting. They testified that he was not then in possession of a gun. According to their testimony, when Alicea heard the shooting he ran out to the scene where he looked at the victim lying on the ground. Another defense witness, a correction officer, testified that the principal Commonwealth identification witness, one Raymond Saab, had told him that Alicea had not done the shooting.

In closing argument, defense counsel relied on the testimony of the defense witnesses to establish that Alicea was not present and had no gun at the time of the shooting and that he was, therefore, not the gunman. Defense counsel also emphasized gaps and weaknesses in the identification testimony of the Commonwealth's witnesses. In particular, he attacked Saab's credibility. He attempted to dissipate the effect of Alicea's incriminating statements to the police by suggesting that the statements were unreliable in light of the pressures upon him and that the statements referred to an incident which had taken place earlier in the evening. There was no reference in the defendant's evidence or defense counsel's closing argument to any provocation or justification for the shooting.

In an attempt to show that malice was in issue at trial, Alicea points, first, to the evidence of racial tension in the hours preceding the shooting. Although without question violent racial confrontations occurred throughout the evening, there is no indication of any incident involving Alicea around the time of the shooting. Secondly, Alicea points to his statements to the police which the Commonwealth introduced in evidence. At first, Alicea told the police that he had nothing to do with the shooting. Then, almost immediately, he stated that he shot into the crowd and saw a girl fall. Then, a while later in a more detailed written statement, he said that he had come with his gun to Lowell from Boston during the evening preceding the shooting; that over the course of the racially tense evening swear words were addressed to him, he heard gunshots, and he was followed by non-Puerto Ricans in a car; that he fired the gun in the air; and that he then went to hide the gun at the location where it had been found. However, all of this had taken place, according to his statement, several hours before the victim was shot. Not only were Alicea's statements to the police inconsistent, but they do not suggest an absence of malice at the time of the shooting.

The only real issue presented to the jury at trial was the identification of Alicea as the gunman. The fact that the defendant received the benefit of jury instructions on manslaughter does not change the result. Giving the instructions was not improper, but they were not required. See *Commonwealth* v. *Dunker*, 23 Mass. App. Ct. at 71.

We do not reach a further claim of error, of doubtful merit, relating to the instructions on reasonable doubt. As the issue was not raised at trial, on appeal, or in the first motion for new trial, it was waived.

> *Order denying motion for new*
> *trial affirmed.*

*John R. Campbell* for the defendant.
*Wendy Murphy*, Assistant District Attorney, for the Commonwealth.