COMMONWEALTH *vs.* ANTHONY ZACCAGNINI.

Suffolk.  February 3, 1981. — May 8, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Assault and Battery.  Self-Defense.  Practice, Criminal,* Instructions to jury, Failure to make objection.

At the trial of charges resulting from a shooting there was no substantial likelihood of a miscarriage of justice arising from the failure of the judge to refer explicitly to the possibility that the shooting was accidental or had occurred in self-defense where the judge defined malice correctly, noted that a finding of excuse or justification would not be consistent with a finding of malice, and clearly placed the burden of proving malice beyond a reasonable doubt on the Commonwealth. [617-618]

INDICTMENTS found and returned in the Superior Court Department on October 26, 1978.

The cases were tried before *Alberti*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Barry P. Wilson* for the defendant.

*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.

WILKINS, J.  This case is before us following the allowance of the defendant's application for further appellate review.  See *Commonwealth* v. *Zaccagnini*, 10 Mass. App. Ct. 425 (1980).  The Appeals Court affirmed the defendant's convictions of armed assault with intent to murder and assault and battery by means of a dangerous weapon.  We agree with that conclusion, discuss only the question of alleged deficiencies in the judge's charge to the jury, and accept the Appeals Court's opinion on the other issues presented on appeal.

At the trial in June, 1979, there was sharp conflict between the victim's testimony and the defendant's testimony

concerning the circumstances under which, on a spring night in 1974, the victim was shot on the porch of a house in the Brighton section of Boston. The victim testified that the defendant had a gun and shot him in the abdomen. The defendant testified that the victim had the gun and that the gun discharged as they struggled for control of it. The defendant said that he was trying to keep the gun away from himself and that, when he kneed the victim in the groin, the victim doubled over, and the gun went off.

The evidence warranted a reasonable doubt concerning whether the shooting was accidental and, we will assume, it also warranted a reasonable doubt whether the defendant acted in self-defense.[1] In these circumstances, the judge on request would have been obliged to charge the jury that the Commonwealth had the burden of proving beyond a reasonable doubt that the shooting was not accidental and that the defendant did not act in self-defense.[2] See *Lannon* v. *Commonwealth*, 379 Mass. 786, 790-791 (1980) (accident); *Commonwealth* v. *Harrington*, 379 Mass. 446, 452-453 (1980) (self-defense). Indeed, in the course of the trial, the judge raised the question whether the defendant was relying on a claim of accident or on a claim of self-defense. Defense counsel, not his counsel on this appeal, gave an equivocal response and indeed never came to a firm, articulated con-

---

[1] The defendant's version of the circumstances of the shooting does not as clearly raise the subject of self-defense as it does the defense of accident. The Appeals Court concluded that the evidence did not warrant a reasonable doubt as to whether the defendant acted in self-defense. *Commonwealth* v. *Zaccagnini*, 10 Mass. App. Ct. 425, 426 (1980). The defendant, according to his testimony, was struggling over the gun in his own defense. However, he did not hold the gun, and he did not testify directly that the shooting occurred in circumstances that meet the conditions of self-defense. See *Commonwealth* v. *Harrington*, 379 Mass. 446, 450 (1980). For the purposes of our decision, we shall assume, however, that the jury would have been warranted in inferring that, in his struggle with the victim, the defendant was acting in self-defense when the gun was fired. See *Commonwealth* v. *Bowman*, 373 Mass. 760, 762-763 (1977).

[2] Although accident and self-defense are mutually exclusive theories, a charge on each theory might be required by the nature of the evidence. See *Commonwealth* v. *Barton*, 367 Mass. 515, 517-518 (1975).

clusion on this point. He made no request for an instruction on accident or on self-defense and did not object to the judge's failure to instruct the jury specifically on either subject.

On appeal, in the absence of any objection at trial to the judge's failure to instruct on accident or self-defense, we consider the defendant's challenge to the charge to determine whether there was a substantial likelihood of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). In doing so, we give consideration to a claim that the charge violated the defendant's rights established by constitutional principles not apparent at the time of trial. See *Commonwealth* v. *Williams*, 378 Mass. 242, 242-243 (1979); *Commonwealth* v. *Stokes*, 374 Mass. 583, 589 (1978). Within this context, we have been receptive on direct appeal, even in the absence of objection, to claims that charges have been constitutionally deficient concerning the degree of proof required of the Commonwealth. See *Commonwealth* v. *Chasson, ante* 183, 189-190 (1981), and cases cited.

The problem in this case is not that the charge placed any burden on the defendant or misstated the degree of the Commonwealth's burden. The charge simply did not refer explicitly to either the possibility that the shooting was accidental or that it occurred in self-defense, and, because these matters were not expressly mentioned, the burden of proof was not explicitly stated in relation to either of them. The concept that the Commonwealth had the burden of proof on these subjects was well established by the time of the trial of this case in June, 1979. The trial occurred after *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (1976), and numerous other opinions of this court on related matters. See *Commonwealth* v. *Fluker*, 377 Mass. 123, 127, 130-131 (1979), where cases are collected in an opinion released before the trial of this case. It is clear from the transcript of the trial that defense counsel was aware of the issues of accident and self-defense. On invitation from the judge, he had declined to adopt one or the other theory, or both, as the defendant's position.

The judge charged the jury that the Commonwealth had to prove every element of each offense beyond a reasonable doubt. He said the defendant had no duty to prove or otherwise establish his innocence. He defined malice correctly and noted that a finding of excuse or justification would not be consistent with a finding of malice. He noted that assault and battery with a dangerous weapon required a finding of the intentional, unjustified use of force. Such a charge is one of the class referred to in *Commonwealth* v. *Stokes*, 374 Mass. 583, 591 (1978), where we said: "For example, a jury charge might well be constitutionally sufficient which clearly placed the burden of proving malice beyond a reasonable doubt on the Commonwealth and contained other discussion which, although not referring to the burden of proof as to self-defense and reasonable provocation, adequately defined those factors and established them as negating a finding of malice."

We conclude that there was no substantial likelihood of a miscarriage of justice arising from the absence from the charge of an explicit reference to accident or self-defense. The jury had before them the testimony of the victim and of the defendant. If the jury believed the defendant's version of the shooting and followed the judge's instructions, necessarily they would have been unable to find that the defendant acted with malice or that he intentionally shot the victim. Nor do we find in the failure of the defense counsel to press for instructions such an inadequacy of representation as to warrant a reversal of the convictions. Clearly, the better course would have been to have requested specific instructions, but, in the circumstances, we find no likelihood of significant prejudice to the defendant's position. See *Commonwealth* v. *Rondeau*, 378 Mass. 408, 412-413 (1979); *Commonwealth* v. *Adams*, 374 Mass. 722, 729 (1978); *Commonwealth* v. *Saferian*, 366 Mass. 89, 96, 98-99 (1974).

*Judgments of the Superior Court affirmed.*