COMMONWEALTH *vs.* RUSSELL BARRETT. December 17, 1981. The defendant appeals from his conviction on an indictment charging assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A) and assigns as error (1) the allowance in evidence of testimony concerning a photographic identification procedure and (2) the denial of his motion for a required finding of not guilty. There was no error.

1. At trial a police officer testified that the victim had been taken to his home. The officer later returned to the victim's home. In response to a question, "Did you do anything after you had some conversation with him?" the officer answered that he had him look through an album of pictures which the police officer had obtained from "our inspector's area in the police department" to see if he could pick out photographs of anyone involved in the altercation. The victim selected photographs of the defendant and one Thomas, a codefendant at the trial. There was no objection by the defendant to the question which elicited the answer, as the question was proper. However, the answer went beyond the scope of the question, and the defendant did not move to strike the answer or any part of it. Thus, we have nothing properly before us on this appeal. *Commonwealth* v. *Early*, *349 Mass. 636 (1965)*. We note that there was evidence that the defendant had experienced an earlier brush with the law which was brought out by the defendant in his cross-examination of the police officer. In that cross-examination the defendant sought to establish that the officer was out to "put [him] away forever" and was thus a biased witness. Further, when the defendant took the stand, he was confronted with his criminal record. We are of the opinion that the admission of the testimony concerning the album and photographs did not result in any substantial risk of a miscarriage of justice. See *Commonwealth* v. *Zaccagnini*, 10 Mass. App. Ct. 425, 427 (1980), *S.C.* 383 Mass. 615 (1981).

2. The alleged dangerous weapon was an aerosol type of can, from which material was sprayed in the victim's face, causing his eyes to be blinded for about five minutes, causing his nose to run, and causing a burning sensation in his face. This evidence would warrant the jury in finding that, so used, the can with its contents was a dangerous weapon. *Commonwealth* v. *Appleby*, 380 Mass. 296, 305-307 & n.5 (1980).

*Judgment affirmed.*

*Brownlow M. Speer* for the defendant.
*John Gillen*, Assistant District Attorney, for the Commonwealth.