COMMONWEALTH *vs.* BRIAN P. CONNOLLY. June 27, 1983. *Self-Defense. Practice, Criminal,* Instruction to jury. *Evidence,* Bias, Cross-examination, Judicial discretion.

The defendant has appealed from his conviction of assault and battery on a police officer, following a jury trial in the Superior Court. The primary issue at trial was whether the police officer or the defendant had been the aggressor, and the evidence differed on this point. We consider each of the defendant's claims of error.

1. The defendant claims that the judge erred in his charge on self-defense when he said, "Now, however, *if you find* that . . . the defendant got out of the car and was minding his own business, and that the police officer came over to him and struck him or assaulted him, whatever terminology we are going to use, with the flashlight, *then we bring into play the doctrine of self-defense"* (emphasis supplied). "Now, self-defense, if it actually existed would be a complete defense to this charge . . . . The first thing you have to determine on this issue is *whether or not* this defendant was assaulted in some manner by Trooper Jaworek. Now, *self-defense does not arise unless you* find that the defendant himself was being assaulted" (emphasis supplied). "So, *you have got to first of all determine whether* Trooper Jaworek did, in fact, assault the defendant. *The defense of self-defense would have no application if you did not find that Trooper Jaworek, in fact, assaulted the defendant"* (emphasis supplied). The defendant made no objection to the charge.

Viewing the above-quoted portions of the charge out of context, it is probable that the jury would have no way of knowing that the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense and thus might assume that the defendant had the burden of proving that he had so acted. See *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 688 (1976); *Commonwealth* v. *Harrington,* 379 Mass. 446, 452-454 (1980). However, a reading of the charge in its entirety discloses that the jury were repeatedly and properly instructed as to reasonable doubt and the Commonwealth's burden of proof to that standard. We note too that the above-quoted words are found on two pages of the transcript and that on the following page it appears that the judge twice told the jury that the Commonwealth had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Contrast *Harrington, id.* at 453-454. There was no error. *Commonwealth* v. *Messere,* 14 Mass. App. Ct. 1, 10 (1982).

16 Mass. App. Ct. 901      939

Rescript Opinions.

2. The certified copies of complaints previously brought against the defendant by a police witness were offered in evidence for the sole purpose of informing the jury about the nature of the complaints. (The defendant's counsel had earlier cross-examined the witness concerning these complaints in an attempt to prove bias. Part of counsel's argument to the jury was based on the existence of these complaints and their disposition in favor of the defendant.) The judge did not abuse his discretion in excluding them for that purpose. See *Commonwealth* v. *Joyce*, 382 Mass. 222, 231-232 (1981).

3. Similarly, limitation on further cross-examination of the police victim concerning internal police investigations was within the sound discretion of the judge. See *Commonwealth* v. *Sandler*, 368 Mass. 729, 737-738 (1975); *Commonwealth* v. *Joyce, supra.* That counsel was nonetheless permitted to make his point to the jury is clear from a reading of his closing argument.

*Judgment affirmed.*

*Andrew Silverman* for the defendant.
*William F. George*, Assistant District Attorney, for the Commonwealth.