Anthony L. ZACCAGNINI,
Petitioner, Appellant,

v.

Joseph STREETER,
Respondent, Appellee.

No. 86–1294.

United States Court of Appeals,
First Circuit.

Argued Sept. 10, 1986.

Decided Oct. 8, 1986.

Barry P. Wilson, Boston, Mass., by Appointment of the Court, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Criminal Bureau, with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Asst. Atty. Gen., Chief, Criminal Bureau, and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Div., Boston, Mass., were on brief, for respondent, appellee.

Before CAMPBELL, Chief Judge, and ALDRICH and COFFIN, Circuit Judges.

PER CURIAM.

This habeas appeal is the fifth occasion for a substantive opinion. The Massachusetts Appeals Court (*Commonwealth v. Zaccagnini*, 10 Mass.App.Ct. 425, 408 N.E.2d 877 (1980)), the Supreme Judicial Court (*Commonwealth v. Zaccagnini*, 383 Mass. 615, 420 N.E.2d 350 (1981)), a United States magistrate, and a United States district judge have preceded us. The essential facts are recorded in the two cited opinions.

The major issue raised is whether petitioner's counsel at trial rendered ineffective assistance within the teaching of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for failing to request instructions on self-defense and accident. Petitioner's conviction arose from an altercation involving petitioner and the victim in which there was a direct conflict in testimony as to who had the gun which wounded the victim and as to the circumstances of its discharge. Counsel for petitioner and the court engaged in colloquy about such instructions. Whether or not counsel's subsequent failure to request instructions may have stemmed from a tactical decision or inadvertence or ineptitude is of little moment.

**28**

The fact is that, as the Supreme Judicial Court observed:

> The judge charged the jury that the Commonwealth had to prove every element of each offense beyond a reasonable doubt. He said the defendant had no duty to prove or otherwise establish his innocence. He defined malice correctly and noted that a finding of excuse or justification would not be consistent with a finding of malice.

383 Mass. at 618, 420 N.E.2d 350.

Under these circumstances, we simply cannot conclude that petitioner has carried his burden to prove the prejudice requirement of *Strickland,* i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

This holding is also dispositive of petitioner's attempt to demonstrate "cause and prejudice" within *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in support of his claim of a due process violation based on the absence of accident and self defense instructions. The Supreme Court, in its recent opinion in *Murray v. Carrier,* — U.S. —, —, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986), has declared:

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

Finally, petitioner's several claims addressed to prosecutorial error either do not rise to the level of cognizable error in the absence of objections (referring to petitioner as "Mr. Defendant" and alleged statements of personal belief) or lack any connection with possible prejudice (cross-examination regarding a notebook, resulting in petitioner's denial of ownership or authorship).

*Affirmed.*