COMMONWEALTH *vs.* JOHN TURNER. April 13, 1987. *Homicide. Malice. Self-Defense. Practice, Criminal,* Instructions to jury, Assistance of counsel.

The defendant appeals from his convictions of murder in the second degree and of unlawfully carrying a handgun without a license (G. L. c. 269, § 10[a]). Four issues are raised in this appeal.[1] Three involve claims of error in the trial judge's instructions; the fourth is directed to the ineffectiveness of trial counsel.[2] We affirm.

The prosecution and the defendant presented different versions of the episode which led to the victim's death. The prosecution introduced evidence that the defendant had quarreled with the victim the night before over a stereo allegedly taken by the victim and that the defendant returned the next morning and deliberately shot him. The defendant, on the other hand, testified that the victim "pulled a gun," that a struggle ensued, and that the gun accidentally fired, killing the victim.

1. *Burden of proof.* The defendant argues that the judge erroneously shifted the burden of proof to the defendant when he instructed on manslaughter, accident, and self-defense. Since the defendant failed to object to any of the challenged instructions at trial, the standard of review is whether the charge created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Loretta,* 386 Mass. 794, 799 (1982).

Although the judge used disfavored "determining" and "finding" language in his instructions on manslaughter, self-defense, and accident, see *Connolly* v. *Commonwealth,* 377 Mass. 527, 533-534 (1979), he repeatedly emphasized that the prosecution had the burden of proving the absence of provocation, accident and self-defense beyond a reasonable doubt. He also instructed that the burden of proof is always on the Commonwealth and that the burden is never on the defendant to prove his innocence. "When the judge's charge is examined as a whole . . . , it appears that [the] expressions were used only when the judge was delineating the elements of a particular offense that it was up to the Commonwealth to establish, and that they were immediately preceded or succeeded by a recitation that the burden of proof was on the Commonwealth. In this context, the use of those expressions would be, at most, harmless error." *Commonwealth* v. *Albert,* 391 Mass. 853, 859 (1984). See also *Commonwealth* v. *Simmons,* 383 Mass. 40, 44 (1981); *Commonwealth* v. *Connolly,* 16 Mass. App. Ct. 938 (1983).

[1] Two issues are argued in a brief filed by former appellate counsel and two in a brief filed by new counsel appointed by this court. At oral argument on March 10, 1986, it appeared that there was an issue of ineffective assistance of counsel. Since original appellate counsel was associated with trial counsel, she was permitted to withdraw as counsel. New counsel reargued the case on December 8, 1986, and chose to rely on the brief of former appellate counsel as to the issues argued therein.

[2] The defendant has not argued any error with respect to the indictment under G. L. c. 269, § 10(a). See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

2. *Malice.* In his charge, and again during supplementary instructions after a request by the jury (in each case without objection by defense counsel), the judge stated:

> "A fatal blow purposely and wrongfully inflicted and not the product of chance or the frailty of human nature is malicious and murderous."

The defendant's contention that this instruction was erroneous is foreclosed by *Commonwealth* v. *Casale,* 381 Mass. 167, 172 (1980), and *Commonwealth* v. *Hodge (No. 2),* 380 Mass. 858, 865 (1980), where the language now challenged was used and approved.

3. *Linkage of accident with self-defense.* The defendant claims that the judge's instructions to the jury on accident improperly linked the excuse of accident to a finding that the defendant was acting in self-defense at the time. A portion of the charge is set forth in the margin.[3] While the defenses of accident and self-defense are mutually exclusive (self-defense being intentional), see *Commonwealth* v. *Zaccagnini,* 383 Mass. 615, 616 n.2 (1981), the principles of self-defense may be involved in an accident defense, not for purposes of establishing the defense of self-defense but to show that the defendant was engaged in a lawful act. The Supreme Judicial Court of Maine explained the distinction between an intentional killing in self-defense and an accidental killing while exercising one's right of self-defense by the following example:

> "[I]f [the victim] was the aggressor, and [the defendant], even though not intending to kill [the victim], accidentally administered the fatal wound while attempting to defend himself, it cannot be said that his conduct was unlawful. However, defendant could not appeal to the law of self-defense as a justification for the homicide. Instead, defendant could invoke the *right* of self-defense in arguing that his act which accidentally resulted in the killing of [the victim] was not itself unlawful" (emphasis original).

*State* v. *Sprague,* 394 A.2d 253, 257-258 (Me. 1978). See *Jabich* v. *People,* 58 Colo. 175, 179-181 (1914); *Curry* v. *State,* 148 Ga. 559, 561-564 (1918);

---

[3] "Thus, a homicide, a killing, is excused where a defendant is lawfully acting in self-defense and the victim met death by accident through the accidental discharge of a gun or the like. Whether the discharge of the gun was intentional or accidental is a question of fact for you.

"So should you believe, come to the conclusion, that the firearm was accidentally discharged in some unknown way, without any intention or without any reckless misconduct on the part of the defendant, while he was properly engaged in defending himself and wasn't using any excessive force at that time, and a bullet, as fired, struck the victim's body and killed him, should you so find, you must acquit the defendant on the grounds that the homicide, under those circumstances, was an accident.

"It is important to remember that the defendant does not have the burden of proving that it was an accident."

*State* v. *Benham,* 23 Iowa 154, 163-164 (1867). See also *State* v. *Leos,* 7 Or. App. 211, 214-218 (1971).

The defendant's version of the facts was that the gun went off while he was trying to prevent the victim from using it against him. Thus, linkage was inherent in the defendant's story and was the core of his explanation of the mishap.

We also note that, as there was no objection to the charge, the standard to be applied is whether there is a substantial risk of a miscarriage of justice. There is none. The jury necessarily rejected the evidence suggesting that the shooting was unintentional by convicting the defendant of second degree murder. The jury had before them the testimony of the victim's sisters and of the defendant. "If the jury believed the defendant's version of the shooting and followed the judge's instructions, necessarily they would have been unable to find that the defendant acted with malice or that he intentionally shot the victim." *Commonwealth* v. *Zaccagnini,* 383 Mass. at 618.

4. *Ineffective assistance of counsel.* The defendant's claims that his conviction must be reversed because of ineffective assistance of counsel are unpersuasive. Counsel's failure to request accident instructions, or to object to those that were given has not, as we have already discussed, see part 3, *supra,* "likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

Nor did counsel's closing argument leave the defendant bereft of a defense. The claim that counsel abandoned the defense of accident is not borne out by the record. While he may not have used the word "accident," counsel vigorously argued the defendant's version of events. He challenged the prosecution's witnesses with inconsistencies and brought out the weaknesses in its case.[4] The defendant has not substantiated his claim of ineffective assistance of counsel. See *Commonwealth* v. *Saferian,* 366 Mass. at 96.

*Judgments affirmed.*

*Bernard Grossberg* for the defendant.
*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

---

[4] Moreover, it is not clear that trial counsel was incorrect, as is now asserted, in characterizing the sister's testimony as being inconsistent with the "objective" medical examiner's testimony that the gun was parallel to the ground when fired. One sister testified that the defendant had the gun "pointed up."

