NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-292

COMMONWEALTH

vs.

ELON SILVA DUARTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Elon Silva Duarte, appeals from his conviction of one count of indecent assault and battery on a person over age fourteen.  Because we conclude that it was prejudicial error not to provide a jury instruction on bad acts after the defendant requested such an instruction, we vacate the judgment and set aside the verdict.

Background.  The defendant was originally charged with two counts of indecent assault and battery on two separate victims, M.W. and R.H., who each alleged that someone touched their buttocks while in the same store on the same day.  The two complaints were joined and tried together.  Prior to the start of trial, the defendant made a motion in limine to exclude

evidence of other bad acts, arguing that evidence of each touching was bad acts evidence as to the other touching. Since the cases were joined at that time, the judge denied the motion.

Testimony at trial revealed that R.H. did not see who had touched her. Therefore, at the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on the count relating to R.H., which the judge allowed, ruling that the Commonwealth offered insufficient evidence to prove that the defendant was the person who touched R.H.

Just before closing arguments, the judge instructed the jury that the count relating to R.H. had been "addressed" and that the jury "need not consider that case at all." After closing arguments, the judge charged the jury, but did not further instruct on the permissible uses, if any, of R.H.'s testimony. Before the jury was excused to deliberate, the defendant asked at sidebar that the judge add a specific instruction on other bad acts. The judge declined to do so. The jury then found the defendant guilty on the count relating to M.W.

Discussion. The defendant argues that the judge erred in declining to give a limiting instruction on the use of R.H.'s testimony. We review preserved claims for prejudicial error. See Commonwealth v. McCravy, 430 Mass. 758, 764 (2000). "This

2

means that we inquire[] whether there is a reasonable possibility that the error might have contributed to the jury's verdict" (quotation and citation omitted).  Commonwealth v. Wolfe, 478 Mass. 142, 150 (2017).

R.H.'s testimony was originally admissible as substantive evidence of the count naming her as the victim;[1] once that case was directed out, the testimony's relevance was limited, as the Commonwealth conceded at oral argument, to those purposes for which bad acts evidence may be used.[2]  Because bad acts evidence "carries with it a high risk of prejudice to the defendant" (citation omitted), Commonwealth v. Anestal, 463 Mass. 655, 672 (2012), once admitted, it is "quite important that the judge should instruct the jury of the limited purposes for which such evidence could properly be considered by them."  Commonwealth v. Mills, 47 Mass. App. Ct. 500, 506 (1999).  Thus, even where

---

[1] While ultimately not the situation here by the time the judge gave the jury charge, even when cases are joined, "[t]he better practice is to give an appropriate instruction" on the purposes for which the evidence of similarity may be considered, to avoid "the risk that the jury may draw the forbidden inference of propensity" (quotation and citation omitted). Commonwealth v. Vazquez, 65 Mass. App. Ct. 305, 309 n.3 (2005).

[2] The defendant also argues that R.H.'s testimony was inadmissible in the first place, because the inference that it was the defendant who touched R.H. necessarily relied on forbidden propensity reasoning.  Because we are vacating the conviction in any event, we need not reach that argument, which was not made to the trial judge.

3

"there may have been a proper limited purpose for the testimony, the failure to guide the jury on their use of this evidence [can be] prejudicial error."  Commonwealth v. Roe, 90 Mass. App. Ct. 801, 807 (2016).

The judge here did not instruct the jury on the limited purposes for which they could consider R.H.'s testimony. Rather, the jury were instructed only that they "need not consider [R.H.'s] case at all" (emphasis added).  This statement was insufficient because it did not tell the jury whether they were still permitted to consider R.H.'s testimony, and for what purposes.  As a result, there remains a "reasonable possibility" (citation omitted), Wolfe, 478 Mass. at 150, that the jury impermissibly considered the testimony as propensity evidence, thus influencing the verdict in this case where the Commonwealth's other evidence was not overwhelming.  See Commonwealth v. Helfant, 398 Mass. 214, 224-225 (1986) (discussing limited permissible uses of bad acts evidence). Thus, it was prejudicial error for the judge not to give a bad acts instruction after the defendant requested one.  Contrast Commonwealth v. Nascimento-Depina, 496 Mass. 1, 9, cert. denied, 146 S. Ct. 260 (2025) (no requirement that judge give limiting instruction sua sponte).

4

Because we vacate on those grounds, we need not reach the defendant's other arguments.  We note the following, however, because there may be a retrial.  First, regarding the admissibility of the video recording of the defendant's interview with the police, which includes an officer interpreting the defendant's statements from Brazilian Portuguese to English, the factors set out in Commonwealth v. AdonSoto, 475 Mass. 497, 503 (2016), apply in determining whether the interpreter's statements are hearsay.  Second, the judge's accident instruction omitted significant concepts contained in the model instruction, and it unnecessarily described the circumstances under which an accident instruction should be given, using the phrase "no matter how incredible," which the jury could have misunderstood as an opinion on the defendant's credibility.[3]  See Commonwealth v. Maloney, 23 Mass. App. Ct. 1016, 1017 (1987); Instruction 9.100 of the Criminal Model Jury Instructions for Use in the District Court (2009).  Finally, we express no opinion on whether M.W.'s pointing out

_____

[3] We note that accident was the defendant's sole defense at trial, and the judge's instruction on accident, at a minimum, fell short of the model instruction.  See Instruction 9.100 of the Criminal Model Jury Instructions for Use in the District Court (2009).  In fairness to the judge, it appears that he may have used language provided to him by defense counsel.  That notwithstanding, the insufficient accident instruction viewed in combination with the absence of a limiting instruction discussed supra, requires that the conviction be vacated.

5

the defendant to her mother in the Dollar Tree store constituted a prior out-of-court identification or whether good cause was required -- or satisfied -- for their in-court identifications at trial.  See Commonwealth v. Crayton, 470 Mass. 228, 241 (2014).

Judgment vacated.

Verdict set aside.

By the Court (Vuono, Neyman & Sacks, JJ.[4]),

Clerk

Entered:  March 3, 2026.

---

[4] The panelists are listed in order of seniority.