NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1049

COMMONWEALTH

vs.

JAMES GAGNE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, James Gagne, appeals from his conviction of indecent assault and battery and from the denial of his postconviction motion for entry of a finding of not guilty or reduction of the verdict. See Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995) (rule 25 [b] [2]). The defendant contends that (1) the evidence of his intent was legally insufficient to convict; (2) a substantial risk of a miscarriage of justice arose from first complaint testimony that was redundant of the victim's testimony; (3) the judge should have instructed on accident, and the error was compounded by the prosecutor's closing argument; (4) the judge should have reduced the verdict for indecent assault and battery to the lesser-

included offense of assault and battery, because on the verdict slip the jury specified that the defendant was guilty of both crimes; and (5) in sentencing, the judge impermissibly considered unrelated affidavits underlying G. L. c. 209A orders against the defendant.  We affirm.

Background.  Based on the trial evidence, the jury could have found as follows.  At about 10:30 P.M. on Saturday, August 4, 2018, the victim met two women friends at a sports bar.  The defendant was "bothering" the women by "saying stuff" to them and trying to put his arms around them.

The defendant sat at the bar next to the victim.  The defendant put his right hand on her left pant leg and quickly "ran his hand from [her] knee up into [her] vagina."  Feeling violated, the victim jumped up and yelled angrily, "Keep your hands off me.  Did you just fucking touch me?"  The victim told her friends, "He just touched my vagina."  A bartender ejected the defendant from the bar.

The victim went outside the bar, where one of her friends was smoking.  The victim was very upset and looked as if she had been crying.  The victim told her friend that the defendant had grabbed her inappropriately between her legs.

On August 7, 2018, a detective spoke with the defendant by telephone.  The defendant said he had had "a bad weekend" and had been intoxicated at the bar.

2

After trial, the jury convicted the defendant of indecent assault and battery on a person fourteen years or older.  The defendant filed a timely notice of appeal.  Almost three years after trial, the defendant filed a rule 25 (b) (2) motion for entry of a required finding of not guilty or reduction of the verdict.  Despite its untimeliness, the judge considered the motion and denied it.  The defendant appeals from his conviction and from the denial of his rule 25 (b) (2) motion.

Discussion.  1.  Sufficiency of evidence.  The defendant argues that the Commonwealth did not prove that he "acted with criminal intent" when he touched the victim.  We review the record asking whether, "taking the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Commonwealth, any rational trier of fact could find that each of the essential elements of the crime has been proved beyond a reasonable doubt."  Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021).  See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).

"Indecent assault and battery on a person age fourteen or over is the 'intentional, unprivileged, and indecent touching of the victim.'"  Commonwealth v. Lahens, 100 Mass. App. Ct. 310, 319 (2021), quoting Commonwealth v. Melo, 95 Mass. App. Ct. 257, 261-262 (2019).  See G. L. c. 265, § 13H.  As the defendant acknowledges, indecent assault and battery is a general intent

3

crime.  Commonwealth v. Butler, 97 Mass. App. Ct. 223, 232 (2020).  The Commonwealth therefore was required to prove the defendant "intended . . . to commit an indecent or offensive touching of the complainant without her consent."  Commonwealth v. Marzilli, 457 Mass. 64, 67 (2010), abrogated in part on other grounds by Commonwealth v. LaBrie, 473 Mass. 754, 763-764 (2016).

Based on the victim's testimony, there was sufficient evidence from which the jury could infer, in the light most favorable to the Commonwealth, that the defendant intentionally touched the victim on an area of her body considered private. See Lahens, 100 Mass. App. Ct. at 320.  See also Commonwealth v. Lavigne, 42 Mass. App. Ct. 313, 315 (1997) (anatomy considered private includes genital area).  Simply because the victim testified that the defendant touched her vaginal area "very fast" did not render the proof insufficient.  Contrary to the defendant's argument, the jury could infer his intent from the evidence of his conduct.

2.  First complaint.  The defendant argues that a substantial risk of a miscarriage of justice arose when the Commonwealth introduced first complaint testimony of the victim's friend that, outside the bar, the victim disclosed that the defendant had grabbed her inappropriately between her legs. He contends that the friend's testimony was cumulative of the

4

victim's testimony that, inside the bar, she told her friend that the defendant "just touched my vagina." He further argues that because the Commonwealth introduced the victim's excited utterances, it "had no need" to call the first complaint witness. Both arguments are meritless.

Our first complaint doctrine permits both a sexual assault victim and a first complaint witness to testify "about the details of the complaint," and on cross-examination the defendant may "draw to the jury's attention any discrepancies" between their versions. Commonwealth v. King, 445 Mass. 217, 245 (2005), cert. denied, 546 U.S. 1216 (2006). See also Commonwealth v. Aviles, 461 Mass. 60, 68 (2011) ("Where a first complaint witness testifies at trial regarding the complaint, the complainant also may testify about the details of the first complaint and the reasons why it was made at that particular time"). We review a trial judge's ruling to admit first complaint testimony for an abuse of discretion. Id. at 73. See Mass. G. Evid. § 413 (2021).

The judge's admission of first complaint testimony comported with that doctrine. Before trial, the parties filed motions in limine on the admissibility of first complaint testimony. After conducting voir dire examinations of the victim and her friend, the judge ruled that the friend, and not the victim's boyfriend, was the first complaint witness. During

5

trial, just before the victim testified that she told her friends inside the bar that the defendant had touched her vagina, the judge gave a limiting instruction as directed by King, 445 Mass. at 247-248. Before the first complaint witness testified, the judge repeated the instruction. We discern no abuse of the judge's discretion.

Nor are we persuaded by the defendant's argument that the judge should have ruled that the Commonwealth did not "need" to introduce first complaint testimony because the jury heard evidence of the victim's excited utterances including, "Keep your hands off me." The excited utterances conveyed different information than the first complaint, and in any event the first complaint doctrine does not "prohibit the admissibility of evidence that, while barred by that doctrine, is otherwise independently admissible." Aviles, 461 Mass. at 69, quoting Commonwealth v. Arana, 453 Mass. 214, 220-221 (2009). The judge was not required to second-guess the Commonwealth's decision to offer the evidence.

3. Lack of accident instruction. The defendant next argues that the judge erred by declining to instruct the jury on the possibility that his touching the victim was an accident, and the supposed error was compounded by the prosecutor's closing argument.

6

"Where the evidence fairly raises the possibility of accident, the defendant is entitled, if he requests, to have the judge instruct the jury that the Commonwealth has the burden of proving beyond a reasonable doubt that the [act] was not accidental." Commonwealth v. Jewett, 442 Mass. 356, 370 (2004). If there is "some evidence which warranted a finding that the touching had been accidental" the judge should give an accident instruction. Commonwealth v. Maloney, 23 Mass. App. Ct. 1016, 1016 (1987). Because the defendant objected to the absence of an accident instruction, we review for prejudicial error.

At the charge conference, defense counsel argued that grounds for an accident instruction arose from evidence that the touching was brief, the defendant is "a large man," he told the detective that his only memory of the evening was that he was intoxicated and bought a round of drinks, and from the lack of evidence that he said anything to the victim before touching her. After reviewing case law, the judge ruled that the evidence was insufficient to give rise to an accident instruction.

We discern no prejudicial error in the judge's ruling that the trial evidence did not fairly raise the possibility of an accident. See Jewett, 442 Mass. at 370. As the judge pointed out, evidence of the defendant's intoxication did not raise that possibility. The defendant had been bothering the victim's

7

friends and trying to put his arms around them.  The defendant ran his hand from the victim's knee all the way up her thigh to her vaginal area.  Contrast Maloney, supra at 1016 (evidence that defendant squeezed ten year old victim's genitals during wrestling match warranted instruction that touching may have been accidental).  The defendant told the detective that he had had "a bad weekend"; he never said he touched the victim by accident.  Contrast Commonwealth v. Childs, 94 Mass. App. Ct. 67, 73 (2018) (judge instructed on accident based on defendant's statement to police that he possibly "brushed up against [victim and her sister] and maybe touched their breast or something as an accident").

As for the defendant's argument that the prosecutor exacerbated the absence of an accident instruction by "focusing only on [the victim]'s credibility," the short answer is that the victim's testimony alone sufficed to support the defendant's conviction, see Gonzalez Santos, 100 Mass. App. Ct. at 3, including by dispelling any fair possibility of accident.

4.  Request for reduction of verdict.  The defendant argues that we should order reduction of the verdict to assault and battery, because of issues including a supposed ambiguity in the verdict slip.  He cites no authority for the proposition that an intermediate appellate court has the power to grant the relief he requests.  Contrast Commonwealth v. Woodward, 427 Mass. 659,

8

666 (1998) (comparing authority of trial judge to reduce verdict under rule 25 [b] [2] to that of Supreme Judicial Court under G. L. c. 278, § 33E).  If we did have that power, we would not exercise it in this case.

We are not persuaded by the defendant's claim that the verdict slip was ambiguous.  The defendant was tried on a single count of indecent assault and battery.  At his request, the judge instructed the jury on the lesser-included offense of assault and battery.  The verdict slip, to which the defendant did not object, listed both offenses.  After deliberations, the jury returned a verdict for indecent assault and battery.  On the verdict slip, the jury had marked "guilty" for both that offense and the lesser-included offense of assault and battery.  In open court, the jury affirmed both verdicts.  The defendant did not move to poll the jury.  After the jury was discharged, the judge stated that the lesser included assault and battery charge "is subsumed in the decision of their guilty verdict" and that "[he] will take no action on the lesser included [charge]."

Because the defendant did not object to the verdict slip or seek to poll the jury, we review his claim that it was ambiguous for a substantial risk of a miscarriage of justice.  Cf. Commonwealth v. Phuon, 486 Mass. 35, 38 (2020) (in murder in the first degree case, reviewing similar unpreserved claim for substantial likelihood of miscarriage of justice).  We conclude

9

that there was no such risk.  The mere fact that on the verdict slip the jury marked an "X" next to "GUILTY" under the heading "LESSER INCLUDED OFFENSE:  A & B" did not render ambiguous their verdict on the offense as charged, indecent assault and battery. See id. (verdict slip on which jury marked both murder in the first and second degrees not ambiguous).  Moreover, the jury's verdict was what was "announced by the foreperson in open court and affirmed unanimously by the jury."  Id. at 39.

As for the defendant's argument that the judge should have allowed his rule 25 (b) (2) motion and reduced the verdict to assault and battery for reasons including "troubling questions" about the verdict slip, it is unavailing.  In denying the motion, the judge ruled, "the court declines to exercise its power to reduce the jury verdict to the lesser included offense of assault and battery, where the weight of the evidence does not point to the lesser offense and where the reduction of the jury verdict would not be more consonant with justice.  See Commonwealth v. Pfeiffer, 492 Mass. 440 (2023)."  Putting aside the question whether we would have the power to reduce the verdict, we defer to the assessment of the trial judge, who "has the advantage of face to face evaluation of the witnesses and the evidence at trial."  Id. at 446.  Contrast Commonwealth v. Walker, 68 Mass. App. Ct. 194, 197-198 (2007) (where verdict for assault with intent to rape was based on sufficient evidence,

10

judge abused discretion by reducing verdict).  We discern no error in the trial judge's denial of the rule 25 (b) (2) motion.

5.  Sentencing.  Finally, the defendant requests that we remand his case to the trial court for resentencing because, he contends, the judge considered "outdated and unreliable evidence of uncharged conduct" in sentencing.  We disagree.

At sentencing, the defendant provided the judge with three letters attesting to his good character, and from them his counsel argued that this offense was "an anomaly."  After reviewing the defendant's criminal record, the judge noted that it appeared that the defendant had "an alcohol issue" and that two different women had obtained restraining orders against him.  The judge stated that he had "asked the clerk to pull those affidavits," and took a recess while he reviewed them.  After providing counsel with the opportunity to review the affidavits, the judge stated that they "paint a different picture" of the defendant, inferring from them that, when the defendant was drinking, "his respect for women . . . leaves a lot to be desired."  The judge stated he was "fully cognizant of the fact that [the affidavits] were ex parte filed" and that the related restraining orders "terminated after a short period of time."  The judge then sentenced the defendant to two years in the house of correction, with nine months to serve and the balance suspended for two years.  That sentence was within the bounds of

11

the indecent assault and battery statute, which limits a sentence to "not more than five years."  G. L. c. 265, § 13H.

"Although a trial judge is not permitted to punish someone for uncharged conduct, such conduct may be considered as bearing on the defendant's character and his amenability to rehabilitation" (quotations and citation omitted).  Commonwealth v. Wallace, 76 Mass. App. Ct. 411, 419 (2010).  From the judge's comments at sentencing, we discern no "reason to think [he] may have considered uncharged conduct for an improper purpose."  Commonwealth v. Suarez, 95 Mass. App. Ct. 562, 577 (2019).  We read the judge's comments as showing that he weighed the affidavits in comparison to the three character references provided by the defendant.  The judge did not imply that he was punishing the defendant based on the behavior outlined in the affidavits.  Contrast id. (judge stated that sentencing guidelines were inadequate and that defendant should not "benefit" because bystander intervened, creating appearance that judge sentenced defendant on uncharged rape rather than conviction for attempted rape).  We discern no ambiguity or

12

appearance of injustice arising from the judge's comments at the defendant's sentencing.

Judgment affirmed.

Order dated June 21, 2024, denying rule 25 (b) (2) motion, affirmed.

By the Court (Singh, Grant & Tan, JJ.[1]),

Clerk

Entered: March 19, 2026.

---

[1] The panelists are listed in order of seniority.