NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

12-P-1407                                          Appeals Court


COMMONWEALTH  vs.  JOHN BAPTISTA.


No. 12-P-1407.

Bristol.     February 7, 2014. – July 16, 2014.

Present:  Sikora, Hines, & Maldonado, JJ.


Practice, Criminal, Sentence.  Evidence, Prior misconduct.
    Rape.  Indecent Assault and Battery.



Indictments found and returned in the Superior Court
Department on February 14, 2007.

The cases were tried before Richard T. Moses, J., and a
proceeding to revise sentence was had by him.


Alan D. Campbell for the defendant.
Yul-mi Cho, Assistant District Attorney, for the
Commonwealth.


SIKORA, J.  In March of 2012, a Superior Court jury

convicted the defendant, John Baptista, of rape of a child by

force and indecent assault and battery on a child under the age

of fourteen years.  See G. L. c. 265, § 22A; G. L. c. 265,

§ 13B.  Two weeks after sentencing, the trial judge, pursuant to

Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), sua sponte convened a hearing and thereafter increased the defendant's sentence for the conviction of rape of a child by force. The defendant appeals from his convictions and from the imposition of the increased sentence. For the following reasons, we affirm.

Background. 1. Facts. The jury heard the following evidence. In New Bedford, from approximately 1994 and into 1997, the victim, Michael,[1] lived with his mother, two older sisters, and the defendant. The defendant cared for Michael when his mother was at work. Michael, who was twenty-two years old at the time of trial, testified that on multiple occasions the defendant entered his bedroom, touched his penis and buttocks, and manually penetrated his rectum. He recounted that the defendant had threatened to "chop [him] into little pieces" if he disclosed the abuse.[2]

2. Sentencing. At the time of sentencing, the defendant was serving a term of fifteen to twenty-five years in State prison for a conviction in 1999 of rape by force of one of Michael's sisters. On March 15, 2012, at the conclusion of a subsequent offender bench trial, the judge sentenced the defendant to seven to ten years in State prison on the

---

[1] A pseudonym.

[2] The defendant does not challenge the sufficiency of the evidence supporting his convictions.

conviction of rape of a child by force, subsequent offense; and five to seven years on the conviction of indecent assault and battery on a person under the age of fourteen years, subsequent offense. The judge imposed those sentences to be served concurrently with each other and with the sentence in progress on the rape by force of Michael's sister.

Two weeks later, after the defendant had filed his notice of appeal, the judge, pursuant to Mass.R.Crim.P. 29(a), sua sponte conducted a hearing and increased the defendant's sentence for the conviction of rape by force of Michael to twelve to eighteen years. He left the sentence for the conviction of indecent assault and battery of Michael at five to seven years. The effect of the revision was to increase the defendant's length of incarceration by approximately six to seven years.[3]

Discussion. 1. Sentence increase under Mass.R.Crim.P. 29(a). The defendant contends that the trial judge's exercise of authority under rule 29(a) to increase a sentence after submission of a defendant's notice of appeal exerts an impermissible chilling effect on the right to appeal. With

---

[3] If the defendant serves time to the midpoint of each sentence differential, the completion date of the 1999 sentence of fifteen to twenty-five years would lie in the vicinity of 2019, and the completion date of the original 2012 sentence of seven to ten years in this case would lie in 2021. In contrast, the completion date of the revised 2012 sentence of twelve to eighteen years would lie in the vicinity of 2027.

exclusive reliance on North Carolina v. Pearce, 395 U.S. 711, 723-726 (1969), he proposes that the timing of such a spontaneous revision creates a presumption of vindictiveness.

Rule 29(a), entitled "Revision or Revocation of Sentence," provides, in pertinent part, that a "trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may . . . revise or revoke such sentence if it appears that justice may not have been done." The purpose of the rule "is to permit a judge to reconsider the sentence [which] he has imposed and determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just." Commonwealth v. White, 436 Mass. 340, 344 n.3 (2002), quoting from Commonwealth v. Layne, 386 Mass. 291, 295 (1982). See Commonwealth v. Vith Ly, 450 Mass. 16, 20 n.5 (2007). A judge may adjust a sentence upward or downward. See Commonwealth v. Jackson, 80 Mass. App. Ct. 528, 532-533 (2011). Compare Commonwealth v. McCulloch, 450 Mass. 483, 487 (2008), quoting from District Attorney for the N. Dist. v. Superior Ct., 342 Mass. 119, 128 (1961) ("Occasions inevitably will occur where a conscientious judge, after reflection or upon receipt of new probation reports or other information, will feel that he has been too harsh or has failed to give due weight to mitigating factors which properly he should have taken into account. In such cases the interests of

justice and sound judicial administration will be served by permitting the trial judge to reduce the sentence within a reasonable time"), with Commonwealth v. Derry, 26 Mass. App. Ct. 10, 12 (1988) (Smith, J.) ("It is well settled that a sentencing judge has the authority under rule 29[a] to increase a sentence previously imposed, provided that the revision takes place within sixty days of the imposition of the original sentence"), and Commonwealth v. Carver, 33 Mass. App. Ct. 378, 390 (1992) (judge can increase severity of sentence if it appears justice may not have been done), and cases cited.  The authority of a sentencing judge under rule 29(a) "is consistent with the general responsibility of a judge to safeguard both the rights of the accused and the interest of the public in the due administration of the law."  Aldoupolis v. Commonwealth, 386 Mass. 260, 269 (1982).[4]

The defendant's reliance on Pearce as authority for a presumption of vindictiveness is misplaced.  In each of the two cases comprising the Pearce appeal, the chronology of events consisted of a conviction, a successful appeal, a retrial, a reconviction, and a resulting harsher sentence without

---

[4] In Aldoupolis, supra, the court noted that the Reporter's Notes to rule 29 errantly state, "[T]hat an increase in the sentence once execution has commenced is not permitted has, however, long been settled."  We take this opportunity to repeat that this language, still in the Notes, remains inaccurate.  The only time limit on the judge's authority is the sixty-day period set by the rule.

explanation.  395 U.S. at 713-715.  The Court concluded that the due process clause of the Fourteenth Amendment to the United States Constitution prohibited retaliatory sentencing as an inhibition of the right to appeal and, as a remedy in cases of increased sentencing, ordered that a statement of reasons "must affirmatively appear[,] . . . based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726.

This case obviously differs from the categorical circumstances of the Pearce prosecutions.  We do not have a successful appeal, a retrial, and a new conviction, as the suspected origin and motivation creating a more severe sentence. A defendant receiving an upwardly revised sentence outside the Pearce circumstances still may pursue an argument of vindictiveness on the part of the judge.  See Alabama v. Smith, 490 U.S. 794, 799-800 (1989) (Pearce presumption extends to circumstances of "reasonable likelihood" of vindictiveness). See also Wasman v. United States, 468 U.S. 559, 569 (1984) (where prophylactic rule of Pearce does not apply, defendant still may obtain relief if he can show "actual vindictiveness"); Mann v. Commonwealth, 359 Mass. 661, 665 (1971) ("Irrespective of the holdings in the Pearce case, allegation and proof of vindictiveness on the part of a judge may be a violation of due

process in _any_ case").  The defendant here does not develop the details of such an argument.

If we were to infer a contention of likely or actual vindictiveness, the record would not furnish any basis for it. Under rule 29, a judge "must give adequate notice and an opportunity to be heard to the criminal defendant.  He should also state clearly on the record why it appears that 'justice may not have been done' by the terms of the original sentence." Aldoupolis v. Commonwealth, supra at 276.  Where, as here, the judge increases a sentence, "findings and a statement of supporting reasons are important to demonstrate that improper considerations did not motivate the judge's action."  Ibid., quoting from Commonwealth v. Sitko, 372 Mass. 305, 314 (1977). The judge here complied with this procedure.  He gave notice of the resentencing hearing, provided the defendant with an opportunity to be heard, and delivered the reasons for his revision.[5]  The record is devoid of any indication of

---

[5] The judge reasoned (1) that, if the charges of the abuse of Michael had gone to trial with those of the abuse of his sister in 1999, an enhanced sentence would have been appropriate at that time; (2) that the delayed revelation of the abuse of Michael and the later trial in 2012 had resulted from the defendant's intimidation of Michael; and (3) that the increased sentence fell within the range recommended by the guidelines of the Massachusetts sentencing commission, see G. L. c. 211E, § 3. We observe that the sentence fell within the statutory bounds. G. L. c. 265, § 22A, as appearing in St. 2008, c. 205, § 2 (person convicted of rape of child by force "shall be punished

vindictiveness or retaliation against the notice of appeal.  See

Commonwealth v. Thibeau, 11 Mass. App. Ct. 677, 680 (1981).

2.  Witness's reference to prior offense.  Before trial,

the judge excluded from evidence any reference to the case of

Michael's sister.  In the course of her direct examination as a

witness for the Commonwealth, Michael's social worker remarked

that he once had told her of "other events that took place

regarding [the defendant] and his sister and . . . ."  An

immediate objection cut off her testimony.  The judge sustained

the objection and gave a prompt, forceful, curative instruction.[6]

The defendant argues that the judge wrongly denied his

subsequent motion for a mistrial.

The standard of review of such a denial is abuse of

discretion.  See Commonwealth v. Lao, 460 Mass. 12, 19 (2011).

In the circumstances, no abuse is visible.  The reference was

fleeting and vague; it did not apprise the jury of the

defendant's prior bad acts.  See Commonwealth v. Smallwood, 379

Mass. 878, 892 (1980); Commonwealth v. Cunneen, 389 Mass. 216,

223-224 (1983); Commonwealth v. Valentin, 420 Mass. 263, 272

(1995).  The responsive instruction was immediate and strong.

by imprisonment in the state prison for life or for any term of
years").

[6] The judge stated, "We're not talking about any
relationship with anyone else in this case. . . .  The jury is
to disregard that remark.  If there is any inference that might
be drawn, it should not.  It's not part of this case.  The jury
is totally to disregard it, and it's stricken."

See Commonwealth v. Gibson, 357 Mass. 45, 49 (1970);

Commonwealth v. Kilburn, 426 Mass. 31, 37-38 (1997);

Commonwealth v. Bolling, 462 Mass. 440, 455 (2012).  Except for

extraordinary circumstances absent here, we presume that the

jury will obey such instructions.  See Commonwealth v. Cameron,

385 Mass. 660, 668 (1982); Commonwealth v. Mendes, 441 Mass.

459, 470 (2004); Commonwealth v. Thad T., 59 Mass. App. Ct. 497,

508 (2003).

Judgments affirmed.