A Superior Court jury convicted the defendant of two counts of statutory rape aggravated by an age difference of more than five years, G. L. c. 265, § 23A, and six counts of indecent assault and battery on a child under age fourteen, G. L. c. 265, § 13B, four of which were lesser included offenses of alleged rapes.[2] The convictions were based on evidence that the defendant, age forty-six at the time, sexually assaulted the victim, his goddaughter, by touching her breasts with his hands and mouth, putting his penis in her mouth, and putting his mouth on her vagina. On appeal, the defendant claims error in the judge's evidentiary rulings, his jury instructions, and the prosecutor's closing argument. He also contends that two of the convictions were duplicative. We affirm.
Discussion. 1. Prior consistent statement. At trial the victim testified that the defendant assaulted her when she was between the ages of seven and twelve. During cross-examination, defense counsel elicited from the victim that in a 2012 police interview the victim never said that the assaults began when she was age seven, and that the first time she mentioned being assaulted at age seven was when she met with police and the prosecutor in 2015. Later in the trial, the judge permitted the Commonwealth to rehabilitate the victim with evidence of a prior consistent statement. Following a voir dire examination of the victim's stepbrother (the first complaint witness), the judge allowed the stepbrother's testimony that in 2012 the victim told him the defendant began sexually assaulting her when she was seven years old. Because the defendant objected at trial, we review for prejudicial error. See Commonwealth v. Aviles, 461 Mass. 60, 67 (2011).
Generally, prior consistent statements are inadmissible. Mass. G. Evid. § 613 (b) (1) (2017). "However, an exception exists where a trial judge makes a preliminary finding (1) that the witness's in-court testimony is claimed to be the result of a recent fabrication or contrivance, improper influence or motive, or bias; and (2) that the prior consistent statement was made before the witness had a motive to fabricate, before the improper influence or motive arose, or before the occurrence of the event indicating a bias." Commonwealth v. Caruso, 476 Mass. 275, 284 (2017). Trial judges have broad discretion in determining whether witnesses may be rehabilitated by prior consistent statements. Id. at 285.
Here, although the judge did not make explicit preliminary findings, they were implicit in his ruling. Id. at 284 (required findings for prior consistent statement may be implicit). The judge was well aware from cross-examination of the victim that defense counsel had challenged the victim's credibility based on her prior inconsistent statements regarding the date of the first assault. The clear import of this cross-examination was to suggest to the jury that the victim's trial testimony was the result of recent fabrication based on improper motive or bias. Further, there was evidence that the victim's first complaint, which incorporated the prior consistent statement, was made two years before the victim learned of her mother's affair with the defendant, the event which the defendant claimed "rocked the family" and created a motive for the victim to lie about the defendant. The judge could reasonably conclude from this evidence that the victim's prior consistent statement was made before any improper motive or bias arose. In these circumstances, we discern no abuse of discretion or other error in the admission of the victim's prior consistent statement.
Even were we to conclude that it was error to admit the prior consistent statement, there was no appreciable prejudice where the prior consistent statement did not exceed the victim's own testimony and the judge gave careful instructions regarding the limited use of prior consistent statements.
2. Duplicative convictions. The defendant claims that two of his four convictions of the lesser included offense of indecent assault and battery on a child under fourteen were duplicative. Because he raises this issue for the first time on appeal, we review to determine whether there was error, and, if so, whether the error created a substantial risk of a miscarriage of justice. Commonwealth v. Kelly, 470 Mass. 682, 699 (2015). It is well established that multiple convictions for the same offense must be based on separate and distinct acts. Id. "Whether a defendant's actions constitute separate and distinct acts or must be considered a single crime is a question of fact for the jury to resolve." Id., quoting Commonwealth v. Vick, 454 Mass, 418, 435 n.16 (2009). Convictions will be affirmed where jurors are explicitly instructed that they must find separate and distinct acts underlying each conviction. Kelly, supra.
Here, the victim testified that the defendant sexually abused her "very often," meaning "every time I went over to his house" between the ages of seven and twelve. The judge instructed the jury that "you may find the defendant guilty only if you are all unanimously agreed that the Commonwealth has proved beyond a reasonable doubt that the [d]efendant committed each offense separately on the specific occasion as charged in the indictment." The jury also had a bill of particulars that described the alleged sexual conduct and time period for each offense. In these circumstances we discern no error, much less a substantial risk of a miscarriage of justice.
3. Lesser included offense instruction. The defendant claims for the first time on appeal that the judge erred when he instructed the jury that indecent assault and battery on a child under age fourteen is a lesser included offense of statutory rape, because the evidence did not support the instruction. We disagree. The difference between rape of a child and the lesser included offense of indecent assault and battery is the element of penetration. Commonwealth v. Walker, 426 Mass. 301, 304 (1997). Here, there was ample evidence of sexual contact in addition to the alleged acts of penetration. The victim testified that on each occasion the defendant assaulted her, he kissed her, touched her breasts, and touched her vagina before engaging in oral sex. From this evidence the jury could have found that there was sufficient proof that the defendant indecently assaulted the victim, but insufficient proof of penetration. "[I]t is not error to give a lesser included offense instruction 'if on any hypothesis of the evidence, the jury could have found the defendant guilty of the lesser included offense and not guilty of the greater offense.' " Commonwealth v. Russell, 470 Mass. 464, 480 (2015), quoting Commonwealth v. Porro, 458 Mass. 526, 536 (2010). Accordingly, we discern no error in the judge's lesser included offense instruction.
4. Closing argument. The defendant claims that the prosecutor engaged in improper argument by (a) vouching for the victim in a way that shifted the burden of proof, (b) misstating the evidence, and (c) expressing her personal belief that the defendant was guilty. We address each argument in turn.
a. Vouching. Defense counsel's closing argument attacked the credibility of the victim, highlighting inconsistencies in her testimony. The prosecutor responded, in part, by posing rhetorical questions during her closing argument -- "[W]hat motive does [the victim] have to lie about these incidents? What would be her possible motive? ... Why would [she] come back and tell you this now?" The judge overruled the defendant's objection, reasoning that the use of the rhetorical questions was responsive to defense counsel's attack on the victim's credibility. On appeal the defendant claims these rhetorical questions improperly vouched for the victim's truthfulness and shifted the burden of proof to the defendant. We disagree.
"In keeping with the prosecutor's ability to point out the weaknesses of the defendant's case and make a fair reply to his closing argument, ... a prosecutor may address the witness's lack of a motive to lie and do so by asking rhetorical questions relying on the evidence presented." Commonwealth v. Fernandes, 478 Mass. 725, 743 (2018). On the other hand, "rhetorical questions should not be used in closing argument where they could be perceived by the jury as shifting the Commonwealth's burden of proof to the defendant." Commonwealth v. Habarek, 402 Mass. 105, 111 (1988). In this case, when defense counsel asserted that the victim's credibility was the "heart of the case" and argued forcefully that the jury should not believe the victim, the rhetorical questions were a fair reply.
b. Misstatements of evidence. The defendant claims the prosecutor twice misstated the evidence. First, the prosecutor stated that the defendant's daughter, a defense witness, testified that when one of the assaults was alleged to have occurred at her parents' residence, she did not know where her parents or brother were, when in fact she testified that her brother and parents were home with her. Second, the prosecutor stated that the victim's mother showed the victim photographs that refreshed her memory as to when a specific sexual assault occurred, when the mother denied showing photographs to the victim and the victim did not recall them. We agree that these statements were contrary to the evidence and should not have been made. However, neither statement was a direct comment on the victim's credibility which, according to defense counsel, was the "heart of the case." Moreover, the judge gave a curative instruction immediately following argument reminding the jurors that "you're the fact finders in this case; not the lawyers, not me. You're the fact finders, and it's based on your memory of the evidence and not on anyone else's memory." As part of his final charge, the judge instructed the jury that "the attorneys are not permitted to refer to facts not in evidence in this case. If ... a lawyer did this, you should disregard that comment." Finally, the jury were instructed that their decision must be based on the evidence and that "opening statements, closing arguments, and any remarks and questions of the lawyers are not evidence and may not be considered as evidence by you." We presume that the jury followed these instructions, Commonwealth v. Degro, 432 Mass. 319, 328 (2000), and we are confident that these statements in the prosecutor's argument "did not influence the jury, or had but very slight effect." Commonwealth v. Canty, 466 Mass. 535, 545 (2013), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
c. Statement of personal belief. The defendant next argues that the prosecutor improperly expressed her personal belief as to the defendant's guilt.[3] See Commonwealth v. DeChristoforo, 360 Mass. 531, 537 (1971). Although a better practice would have been to avoid the phrase "I am positive," when we review that statement in context it is plain enough that the prosecutor was urging the jury to convict the defendant based on her "view of the strength of the evidence," Commonwealth v. Smith, 387 Mass. 900, 906-907 (1983), rather than her personal belief of the defendant's guilt. We discern no error.[4]
Judgments affirmed.

The jury acquitted the defendant of four counts of statutory rape and seven counts of indecent assault and battery on a child under age fourteen.

The prosecutor finished her closing argument by stating:
"I am positive, ladies and gentlemen, that after you recall the testimony of [the victim] and [her mother], and you are able to look through those photographs and listen to Mr. Espinola's interview, I am confident that you will find that you have the proof that you need to find Mr. Espinola guilty on all charges."

We see no merit in the defendant's argument that admission of the victim's good academic performance and demeanor after she moved to Florida was an abuse of discretion. This evidence tended to rebut the defense theory that the move to Florida caused the victim to be angry with the defendant. Admission of the testimony was well within the trial judge's broad discretion. See Commonwealth v. Roe, 90 Mass. App. Ct. 801, 806-807 (2016).